## LOEB v. STATE.

(Division B. Dec. 31, 1923.)

[98 South. 449. No. 23468.]

1. INTOXICATING LIQUORS. *Searches and seizures. What constitutes "probable cause" justifying writ of seizure stated.*

Section 23 of the Constitution of 1890 provides: "The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be, searched and the person or thing to be seized." The probable cause which will justify a writ of seizure is such a state of facts and circumstances as will lead a man of ordinary caution, prudence, and good conscience impartially, reasonably, and without prejudice upon such facts to believe the accused person guilty. It is not required that the

facts be in the personal knowledge of the affiant, but such affidavit may be made on information and belief, as provided in section 2088, Hemingway's Code, being chapter 115, Laws of 1908 (quoting Words and Phrases, First and Second Series, "Probable Cause").

2. INTOXICATING LIQUORS. *Statute authorizing search warrant on affidavit of credible person held constitutional .*

Section 2088, Hemingway's Code (Laws of 1908, c. 115), providing:

"Upon the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors, . . . are being kept or offered for sale or barter, . . . or that they are being kept to be given away, or are being given away to induce trade, . . . it shall be the duty of any justice of the peace of the county in which the place is situated to issue a search warrant," etc., is constitutional.

3. SEARCHES AND SEIZURES. *Affidavit for search warrant held sufficiently to describe place to be searched; what description sufficient to justify issuance of search warrant, stated.*

An affidavit for a search warrant, which describes the place to be searched as "a building occupied by Susie Loeb at a residence on Thirty-Third avenue, house No. 1009, in the city of Meridian, Miss.," is sufficient, under ·section 23 of the Constitution of 1890, providing that "no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched." The description required is not the technical description of a conveyance, but any description that will clearly and certainly enable the officer to locate the place of the warrant.

4. MALICIOUS PROSECUTION. *Affidavit for search warrant held sufficiently to describe liquors to be seized.*

An affidavit for a search warrant and a warrant issued thereon under section 23 of the Constitution of 1890, requiring the thing to be seized under a search warrant to be specially designated, is sufficient, if it describes the liquors to be "intoxicating liquors kept or offered for sale, or given away to induce trade," etc.

APPEAL from circuit court of Lauderdale county. Hon. C. C. MILLER, Judge.

Susie Loeb was convicted of violating the prohibition law, and she appeals. Affirmed.

*H. A. Shotts,* for appellant.

The writer of this brief, after examining all the authorities available on Search and Seizure, arrived at the conclusion that section 2088, Hemingway's Code, section 1749, Code 1906, as amended by Laws of 1908, page 117, on which all of our search warrants for whisky are issued, is unconstitutional, in that it is in violation of the Constitutional rights of citizens guaranteed them in sections 23 and 26 of the Constitution of the state of Mississippi, as well as in violation of articles 4 and 5 of the Constitution of the United States, because under our present statute any credible person may go before a justice of the peace and make an affidavit that he has good reason to believe, and does believe that a certain person has intoxicating liquor in his possession for the purpose of sale, or to be given away to induce trade and under our statute the justice of the peace, regardless of whether he thinks there is probable cause for the issuance of a search warrant or not, is compelled to issue the warrant, while under the Constitution, both state and federal, the only ground on which a lawful search warrant can issue is when probable cause has been shown to the justice of the peace, not as it may appear to the credible person who makes the affidavit, but when the credible person or persons makes the proof before the justice of the peace by stating facts—not what he believes or what some one else has told him, but to state facts so that the justice of the peace, not the affiant making the affidavit may decide from the testimony whether or not there is probable cause from the evidence or facts stated in the affidavit to cause him, the said justice of the peace, to find on consideration of the evidence that there is probable cause for issuing a search warrant.

In 32 Cyc., page 402, defining "Probable Cause" is "Belief founded on reasonable grounds, that apparent state of facts found to exist on reasonable inquiry, i. e.,

such inquiry as the given case rendered convenient and proper, which would induce a reasonable, intelligent and prudent man to believe the accused person had committed, in a criminal case; 'The Crime Committed.' ''

Attention is also called to *Livlar & Company* v. *The State,* 53 So. 681. Anderson, J., says, after reviewing facts, states in conclusion: ''This statute is one of the remedies provided for the enforcement of the laws of this state against the unlawful sale of intoxicating liquor and authorizes searches for seizure, and the destruction of the liquors 'kept,' etc., in violation of law, and, like all laws authorizing searches and seizures, must be strictly construed. 25 Am. and Eng. Encyc. Law (2 Ed.), 151, 152.''

The following authorities hold that affidavits and complaints for warrant of arrest in criminal cases generally must be made upon knowledge, and averments upon information and belief alone are insufficient. *State ex rel. Register* v. *McGahey,* 1 Ann. Cas. 653, note; *Salter* v. *The State,* 2 Okla. Crim. 464, 25 L. R. A. (N. S.) 60, 139 Am. St. Rep. 935; 102 Pac. 719; *State* v. *Gleason,* 32 Kan. 245, 4 Pac. 363, 5 Am. Crim. Rep, 172; *Ex parte Burford,* 3 Cranch, 448, 2 L. Ed. 495; *United States* v. *Tureaud,* 20 Fed. 621; *State* v. *Mitchell,* 1 S. C. L. (1 Bay) 267; *Blythe* v. *Tompkin,* 2 Abb. Pr. 468; *People* v. *Heffron,* 63 Mich. 527, 19 N. W. 170; *Miller* v. *United States,* 8 Okla. 315, 57 Pac. 836; *Monroe* v. *The State,* 137 Ala. 88, 34 So. 382; *Swart* v. *Kimball,* 43 Mich. 451, 5 N. W. 640; *Mulkins* v. *United,* 10 Okla. 288, 61 Pac. 925; *United States* v. *Polite,* 35 Fed. 58; *Re Dana,* 68 Fed. 895; *United States* v. *Collins,* 79 Fed. 65; *United States* v. *Sapinkow,* 90 Fed. 694; *Johnson* v. *United States,* 30 C. C. A. 612, 58 U. S. App. 313, 87 Fed. 187, 11 Am. Crim. 349; *State* v. *Wimbush,* 9 S. C. 309; Ex parte Dimmig, 74 Cal. 164, 15 Pac. 619; *State* v. *Boulter,* 5 Wyo. 236, 39 Pac. 883; *Lippman* v. *People,* 157 Ill. 101, 51 N. E. 872, 11 Am. Crim. Rep. 356.

An affidavit for a search warrant is not sufficient if it is made on information and belief and is not corroborated or supported in any way. 24 R. C. L. 708; *Reg.* v. *Walker,* 13 Ont. Rep. 83; *Rex* v. *Kehr,* 11 Ont. L. Rep. 517, 6 Ann. Cas. 612; *State ex rel Register* v. *McGahey,* 12 N. D. 535, 97 N. W. 865, 1 Ann. Cas. 650, 14 Am. Crim. Rep. 283; *Rose* v. *State,* 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228.

The judge or magistrate before whom the complaint is filed determines the question of existence of probable cause for the issuance of a search warrant and not the person who files or verifies the complaint and asks for the warrant. 24 R. C. L. 707; *De Graff* v. *State,* 2 Okla. Crim. Rep. 519, 103 Pac. 538; *Kniseley* v. *Ham,* 39 Okla. 623, 49 L. R. A. (N. S.) 770, 136 Pac. 427; *Chipman* v. *Bates,* 15 Vt. 51, 40 Am. Dec. 663.

The justice of the peace had no jurisdiction to issue the search warrant in question under the common law applicable to this state. *Com.* v. *Hinds,* 145 Mass. 182, 13 N. E. 397; *Re Swan,* 150 U. S. 637, 37 L. Ed. 1207, 14 Sup. Ct. Rep. 225; 19 Enc. Pl. and Pr. 324.

The search warrant being void and the defendant's constitutional right to be secure in her house and effects having been violated, it was the duty of the court to afford her that measure of protection coextensive with her constitutional rights, which could be adequately done only by placing her *in statu quo* upon her timely application which required the return of the goods seized and the suppression of the evidence. *People* v. *Marxhausen,* 204 Mich. 559, 3 A. L. R. 1505, 171 N. W. 557; *Weeks* v. *United States,* 232 U. S. 383, 59 L. Ed. 652, L. R. A. 1915B, 834, 34 Sup. Ct. Rep. 341, Ann. Cas. 1915C, 1177; *Amos* v. *United States,* 41 *Sup. Ct.* 261, 65 L. Ed. 647, and *Amos* v. *U. S., Gould,* 41 U. S. Supreme Ct. Rep. 261. And our own court speaking as late as March 6, 1922 in *Tucker* v. *The State,* 90 So. 845, in which Justice ANDERSON said, in the conclusion of his opinion, after citing *Gouled* v. *The United States,* 41 Sup. Ct. 261, 65 L. Ed. 647, and *Amos.* v.

*U. S.* 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654: "There is ample authority holding that the court will not stop to inquire into whether the evidence offered was illegally obtained, and even where it was secured by an illegal search of the premises of the defendant, it will be received, and the only remedy of the defendant is an action for damages against those making the search, but we decline to follow these cases."

Now, in conclusion, allow me to say that the Constitutions of the United States, and of the several sovereign states, are the very foundation of the greatest government that God's sun has ever shown on, and let us be careful that in seeking a remedy for the evil of intoxicating liquor, that we don't thereby drive an entering wedge to split off and destroy that part of the Constitution that makes men and women of our great state of Mississippi secure in their homes.

*S. C. Broom,* Assistant Attorney-General, for the state.

In the present case we have an affidavit almost if not in the exact language of the statute; and the search warrant is likewise substantially the same if not in the exact language provided for in the statute. The statute having been complied with, the proceedings being regular under the statute, this case is therefore not within the rule as stated in *Tucker* v. *State,* 90 So. 845, and other cases following the rule as stated in the Tucker case, and must therefore be affirmed unless the statute itself is unconstitutional.

It is alleged to be unconstitutional because it seeks to define "probable cause" thereby making the finding of "probable cause" an administrative or executive act and not a judicial question. Much has already been written on this subject in cases now pending in this court, but we are going to write some more, not in the hope of adding anything substantial to what has already been said on the

subject, but in the hope that we may present the question more clearly than may have been done on some previous occasion.

The case of *Felix Goulet* v. *United States,* reported in 65 L. Ed. at page 647, is to my mind one of the best reasoned cases on the subject, and this was followed by our court in the Tucker case. In the Goulet case the court held: ''Search warrants may not be used as means of gaining access to a man's house or office and papers, solely for the purpose of making search to secure evidence to be used against him in a criminal or penal proceeding, but they may be resorted to only when a primary right to such search and seizure may be found in the interest which the public or the complainant may have in the property to be seized, or in the right to the possession of it, or when a valid exercise of the police power renders possession of the property by the accused unlawful, and provides that it may be taken  . . .

''Private papers of no pecuniary value in which the sole interest of the federal government is their value as evidence against the owner in a contemplated criminal prosecution, may not, consistently with the constitutional guaranty against unreasonable searches and seizures, be taken from the owner's house or office under a search warrant.''

From this it will be seen that there is a limitation placed upon search and seizure by section 4 of the federal constitution by section 23 of the state constitution, and as I understand the rule to be, if the sole purpose of the search was to procure evidence for the state or, for the government in the prosecution of one charged with a criminal offense, then no search warrant could be obtained for any such purpose and such evidence obtained either with or without a search warrant would be inadmissible on the trial of the case, because it would be in violation of the constitutional provisions which declare that a man shall not be compelled to give evidence against him-

self, or to be a witness against himself. But this is the rule only with reference to a written instrument, or some article that has no value other than evidence, and is not in the nature of contraband. But search and seizure may be resorted to when a primary right to such search and seizure may be found in the interest which the public or the complainant may have in the property to be seized, or in the right to the possession of it, or when a valid exercise of the police power renders possession of the property by the accused unlawful, and these exceptions of course include intoxicating liquors. Therefore the right of search and seizure does exist, and evidence obtained by means of a lawful search and seizure may be used on the trial of the case. This being true the legislature therefore had a right to enact section 2088 of Hemingway's Code, or at any rate they had a right to enact a statute on the subject, and the question is, Is this statute violative of section 23 of the state constitution?

Section 23 of the state constitution provides that no warrant shall be issued without probable cause supported by oath or affirmation, etc. Mississippi construed this statute before it became effective; as a matter of fact, it was construed in the case of *John Livelar & Company* v. *State*, 98 Miss. 330, 53 So. 681, in which this court said: "Under Code of 1906, section 1749, providing for the issuance of a warrant for search and seizure of intoxicating liquors upon affidavit, the affidavit is insufficient to authorize the issuance of a search warrant unless it uses the words of the statute or words of similar import."

Stated in another way the court in the Livelar case held that if the affidavit did use the words of the statute or words of similar import, then it would be sufficient. For authorities from other states holding in substance the same, the court is referred to the following: *Arkansas*: *Leonard & Yeargin* v. *State*, (1910), 129 S. W. 1089; *Osborn* v. *State* (1906), 92 S. W. 406; *Cole* v. *State* (1920), 222 S. W. 1060; *Kirkland* v. *State*, 72 Ark. 171, 78 S. W.

770, 65 L. R. A. 76, 105 A. L. R. 25, 2 Ann. Cas. 242; *State v. Williams,* 161 S. W. 156. *Colorado:* *Pasch* v. *People* (1922), 209 Pac. 639; *Smuch* v. *People* (1922), 209 Pac. 636. Provision is also made for the search of certain places without a warrant under certain conditions, in the Session Laws of 1919, chapter 141, section 5. *Delaware: Fennemore v. Armstrong,* 96 Atl. 204. *Kansas: State* v. *Gibson,* 4 Pac. 363, information for arrest on information and belief. Section 5528, provides in the proceedings for the forfeiture of the property, opportunity for the claimant to appear and file his answer, etc. *State v. O'Connor,* 3 Kan. App. 594, 43 Pac. 859. *Maine: Getchell* v. *Page,* 103 Me. 387, 69 Atl. 624; *State* v. *Connolly,* 96 Me. 405, 52 Atl. 908; *State* v. *Bradley,* 96 Me. 121, 51 Atl. 186; *State v. LeClaire,* 30 Atl. 70; *State v. Erskine,* 66 Me. 358; *State v. Dowdell,* 98 Me. 460, 57 Atl. 846; *State v. Fezzette,* 103 Me. 457, 69 Atl. 1073; *State* v. *Holland,* 104 Me. 391, 71 Atl. 1095; *State* v. *Soucie,* 109 Me. 251, 83 Atl. 700; *State v. Brann,* 109 Me. 559, 84 Atl. 256; *State* v. *Intoxicating Liquors,* 110 Me. 860, 85 Atl. 1060; *State* v. *Dondis,* 111 Me. 17, 87 Atl. 478; *State* v. *Pio,* 111 Me. 506, 90 Atl. 120; *State* v. *Schoppe,* 113 Me. 92 Atl. 867; *State* v. *McCann,* 61 Me. 117 (Evidence admissible.) *Minnesota: Hawkins* v. *Langum,* (1911), 115 Minn. 100, 313 N. W. 1014; *State v. Stoffels* (1903), 94 N. W. 675 (distinction between liquor and property). *Missouri: State* v. *Pope* (1922), 243 S. W. 253; *State* v. *Pomeroy,* 32 S. W. 1002; *State* v. *Graham,* 247 S. W. 194. *Nebraska: Richards* v. *State,* 34 N. W. 346; *Sharp* v. *State,* 85 N. W. 38 (information and belief sufficient), *Nevada: Ex Parte Rankin* (1921), 199 Pac. 474. *New Hampshire: State* v. *Lager Beer* (1896), 39 Atl. 255, 68 N. H. 377; *Collins* v. *Noyes* (1891), 66 N. H. 699, 27 Atl. 225; *State* v. *Flynn,* 36 N. H. 64. *North Carolina: State* v. *Campbell* (1910), 110 S. E. 86; *State v. Simmons* (1922), 110 S. E. 591; *State* v. *Wallace,* 78 S. E. 1. *New York: People* v. *Diamond* (1922), 233 N. Y. 130, 135 N. E. 200; *People* v. *Christmann* (1921), 191 N.

Y. S. 704; *In re Holcomb* (1921), 192 N. Y. S. 407; *People* v. *Wecka* (1921), 192 N. Y. S. 633; *People* v. *Jakira* (1922), 193 N. Y. S. 306; *People* v. *Exposito* (1922), 194 N. Y. S. 326; *In re Graham* (1922), 196 N. Y. S. 276. *Ohio*: *Ciano* v. *State* (1922), 137 N. E. 11; *State* v. *Cochran,* 138 N. E. 54; *Mike Rosanski* v. *State of Ohio,* and sixteen others decided in one and the same opinion. *Rhode Island*: *State* v. *Armano,* 72 Atl. 216 (Inspection of barber shops not unconstitutional). *South Carolina*: *State* v. *Guest* (1921), 110 S. E. 112; *State* v. *Quinn* (1918), 97 S. E. 62; State v. *Bird,* 51 S. E. 544; *State* v. *Pope* (1908), 60 S. E. 234; *Dobbins* v. *Gaines,* 29 S. E. 401; *Town of Blacksburg* v. *Bean,* 88 S. E. 441; *Bound* v. *South Carolina Railway Company* 57 Fed. 485; *State* v. *Adkeson,* 18 S. E. 1021. *South Dakota*: *City of Sioux Falls* v. *Walser* (1922), 187 N. W. 821; *Culver* v. *Burnside* (1922), 190 N. W. 804; *State* v. *Madison,* (1909), 122 N. W. 647. *Texas*: *Thielpape* v. *State,* (1921), 231 S. W. 769; *Shaddix* v. *State* (1921), 235 S. W. 602; *Green* v. *State* (1922), 241 S. W. 1014; *Tiner* v. *State* (1922), 243 S. W. 1092; *Copeland* v. *State* (1922), 244 S. W. 818; *Dupree* v. *State,* 199 S. W. 301 (should require facts to show probable cause). *Welcher* v. *State,* 247 S. W. 524. *Vermont*: *State* v. *Intoxicating Liquor* (1909), 73 Atl. 586. *West Virginia*: *State* v. *Snodgrass* (1922), 114 S. E. 136; *State* v. *Wills* (1922), 114 S. E. 261; *State* v. *Brown* (1922), 114 S. E. 372; *State* v. *Kees* (1922), 114 S. E. 617. These, we believe, constitute the weight of authority on the subject.

An examination of the affidavit and search warrant in this case will disclose that the property was particularly described and that the proceedings were in every respect regular and in compliance with section 2088 of Hemingway's Code. Therefore the case should be affirmed.

Argued orally by *H. A. Shotts* for the appellant, and by *S. C. Broom,* Special Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

On the 20th day of January, 1923, J. H. Elkins, a policeman of the city of Meridan, made affidavit before a justice of the peace of the county as follows:

"State of Mississippi, Lauderdale County.

"Before me, R. Clay, the undersigned justice of the peace in and for district One of Landerdale county, Mississippi, J. H. Elkins, makes oath that he believes and has good reason to believe that vinous, spirituous ,malt, alcoholic, and intoxicating liquors are being kept and offered for sale and barter are sold and bartered in a building occupied by Susie Lowe or Loeb at a residence on Thirty-Third avenue, house No. 1009, in the city of Meridan, Mississippi. Wherefore he prays a warrant directing search for and seizure of said liquors, vessels and appliances.            · J. H. ELKINS

"Sworn to and subscribed before me this the 20th day of January, 1923.

"R. CLAY, Justice of the Peace."

Thereupon the justice of the peace issued a search warrant commanding the search of the building described in the affidavit, and directed the seizure of any intoxicating liquors, vessels, and appliances that may be found therein and used either for the purpose of selling, giving away, or being offered for sale in said building, and to hold the same for disposition according to the law, and directed the return of the writ with the action of the officer indorsed thereon to the said justice of the peace on the 12th day of February, 1923. The city marshal executed the said writ, and found in said building about one gallon and a half of whisky, which was seized, and an affi-

davit was made against the appellant charging her with unlawfully having in her possession one gallon and a half of whisky and intoxicating liquors.. In the justice of the peace court the appellant filed a plea of *nolle contendere,* and was fined and sentenced to jail and prosecuted an appeal to the circuit court. In the circuit court the appellant filed a motion to suppress the testimony obtained by the search and discharge the defendant from custody for the reasons, as alleged: That the only evidence the state has or can produce was that gained or secured by the use of a supposed search warrant alleged to be void; no probable cause being shown to the issuing officer of the warrant on affidavit, which is the only authority upon which a lawful warrant can be issued under sections 23 and 26 of the state Constitution. Second, because the alleged affidavit does not state "facts," and therefore is insufficient to constitute probable cause. Third, because section 2088, Hemingway's Code (Laws 1908, p. 117), is unconstitutional in that it violates sections 23 and 26 of the state Constitution and articles 4 and 5 of the United States Constitution. Fourth, because the statute requires the justice of the peace to issue the warrant on the affidavit of any credible person who makes oath that he has reason to believe and does believe that intoxicating liquors are unlawfully kept, etc., which section makes it mandatory on the justice of the peace to issue the warrant, whether he believes such person's evidence or not. Fifth, because the search warrant issued without facts sworn to before a justice of the peace is issued without probable cause and is void. Sixth, because the description of the defendant's property as described in said search warrant is insufficient. Seventh, because the evidence before the justice of the peace by Elkins was hearsay and on information and belief, which is insufficient in law for the issuance of a search warrant. Eighth, because the affidavit for the warrant fails to state the

kind and quantity of intoxicating liquor to be searched for and the owner thereof.

The motion to suppress the affidavit was overruled, and appellant placed on trial and convicted, and from such conviction appealed here.

Section 23 of the state Constitution reads as follows:
"The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized."

Section 2088, Hemingway's Code (Laws of 1908, chapter 115), reads as follows: "Upon the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors, as described in this act, are being kept or offered for sale or barter, or sold or bartered, or that they are being kept to be given away, or are being given away to induce trade in any room or building designated in the affidavit, it shall be the duty of any justice of the peace of the county in which the place is situated to issue a search warrant, directed to the sheriff or any constable of the county, or if in a municipality, to the sheriff, or any constable or marshal, or policeman therein, commanding him to enter the room or building designated, by breaking, if necessary, and search for and seize such liquors, and all vessels or appliances used in connection therewith, and hold the same until disposed of according to law. The writ shall be returnable at a time to be stated therein, not earlier than five days, and a copy of the writ shall be served on the owner or claimant person in possession of such liquors."

It is contended by the appellant, and has been contended by other appellants in this court, that this statute is unconstitutional because it authorizes and directs the justice of the peace to issue the warrant "upon the affidavit of

any credible person that he has reason to believe and does believe that any intoxicating liquors . . . are . . . kept or offered for sale," etc.; that the language of the statute takes away all discretion of the justice of the peace as to whether there is probable cause and that, under section 23 of the Constitution, that the existence of probable cause is a judicial question for the determination of the judicial officer, and not for the determination of the affiant. It is contended that the Constitution requires positive, direct evidence of the facts alleged to be produced before the justice of the peace, and for the justice of the peace to determine judicially the truth of the facts set forth, before the warrant can issue.

It is true that the question of probable cause is a judicial question, but in many cases judicial action may be reasonably controlled by statute, and it is not essential to probable cause that the alleged facts shall be absolutely true. Mr. Black in his Dictionary says:

" 'Probable cause' may be defined to be an apparent state of facts found to exist upon reasonable inquiry (that is, such inquiry as the given case renders convenient and proper), which would induce a reasonably intelligent and prudent man to believe, in a criminal case, that the accused person had committed the crime charged, or, in a civil case, that a cause of action existed."

The various definitions of "probable cause" are found in Words and Phrases, First Series, vol. 6, pp. 5618 to 5627, inclusive, among which are the following definitions of that term:

"*Vinol* v. *Core,* 18 W. Va. 2, defines probable cause to be a state of facts actually existing, known to the prosecutor personally or by information derived from others, which in the judgment of the court would lead a reasonable man of ordinary caution, acting conscientiously upon these facts, to believe the party guilty."

"Probable cause means a state of facts which would lead a man of ordinary prudence and discretion to entertain an honest belief in the guilt of the accused."

"Probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe and entertain an honest and strong suspicion that the person arrested is guilty."

"The probable cause which will justify a prosecution and be a defense to an action for malicious prosecution, or for arrest and imprisonment, is such a state of facts and circumstances as will lead a man of ordinary caution, prudence, and good conscience, impartially, reasonably, and without prejudice, upon the facts within his knowledge, to believe that the accused is guilty."

" 'Probable cause' does not depend upon mere belief, however sincerely entertained, because, if that were so, any citizen would be liable to arrest and imprisonment without redress, whenever any person, prompted by malice, saw fit to swear that he believed the accused was guilty of the crime charged. The law, therefore, has imposed an additional ground, viz., such knowledge of facts as would induce a reasonable man to believe that the accused was guilty."

Numerous other definitions are contained in the Second Series of Words and Phrases, vol. 3, pp. 1224 and 1225.

The statute (section 2088, Hemingway's Code) provides a warrant to be issued upon the affidavit of any credible person who has reason to believe and does believe, and will make affidavit to that effect, that such liquor is kept, etc. The words "credible witness" and "credible person" are variously defined. Webster defines "credible" as follows: "Worthy of belief; entitled to confidence; trustworthy." Black, in his Dictionary, defines "credible witness": "One who, being competent to give evidence, is worthy of belief." Bouvier gives substantially the same definition as Black. In 2 Words and

Phrases, First Series, p. 1710, the term, ''credible witness'' is defined as follows:

''The term 'credible' as applied to a witness, means deserving of confidence; but, as applied to a story, it may signify worthy of belief, or probable only, or barely not incredible.''

''A credible witness is one who, being competent to give evidence, is worthy of belief.''

''The term 'credible witness,' as used in Code Cr. Proc. art. 746, providing that no person shall be convicted of perjury, except on the testimony of two credible witnesses, or one credible witness corroborated strongly by other evidence, means one whose character for truth is above reproach. Bouvier, in his Law Dictionary, defines a credible witness 'to be one who, being competent to give evidence, is worthy of belief.' ''

In Words and Phrases, Second Series, vol. 1, 6. 1126, credible witness is defined as follows:

''A 'credible witness' is one who is not disqualified to testify by mental incapacity, crime, or other cause.''

''When the 'credibility' of a witness is spoken of, it refers only to his integrity and to the fact that he is worthy of belief. The term does not imply that he has intelligence, or knowledge, or opportunity for knowledge of the particular facts in the case.''

''The word 'credible' means worthy of credit. When applied to the person of a witness, it bespeaks him to be a person of capacity to deserve credit.''

In the same work ''credible person'' is defined: ''The statute requiring that an affidavit upon which an information is based be made by a 'credible person' contemplates a person competent to give evidence and worthy of belief, and the mere fact that a person's reputation for truth and veracity is attacked does not render him incompetent to make the affidavit.''

The word ''credible'' has also been used as synonymous with ''competent,'' and this meaning has generally been attributed to the word as applied to a subscribing witness

to a will, and our own court, in *Swanzy* v. *Kolb,* 46 So. 549, defines the word to mean a competent witness, but inasmuch as the testator generally selects witnesses to his will, he may be presumed to select persons deemed credible by him.

We think the statute should be given a construction that would enable the justice of the peace to pass judicially upon the credibility of the person making the affidavit. This view will harmonize with the constitutional purpose of securing the peace and enjoyment of persons, homes, and property from unreasonable seizure or search, and to so construe the statute it will be clearly constitutional. Our own court has dealt with the question of probable cause as affected by affidavit on information and belief in the case of the *State* v. *Quintini,* 76 Miss. 498, 25 So. 365. The court, speaking through Judge TERRALL, said:

"The brief of the attorney-general says that he is informed by the district attorney that the affidavit was quashed because it was not made on the personal knowledge of the affiant. The common law was ever jealous of the personal rights of the subject, and its principles in this respect are embodied in section 23 of the Constitution, which secures all persons from arrest unless on probable cause supported by oath or affirmation. In reference to prosecutions before justices of the peace, section 27 of the Constitution provides that the proceedings in such cases shall be regulated by law, and section 2421, Code 1892, reads that 'on affidavit of the commission of a crime of which he has jurisdiction lodged with a justice of the peace he shall try and dispose of the case according to law.' By the general principles of the common law every accusation of a crime against an accused person must be charged, directly and positively stating the nature and cause of the accusation, and our bill of rights does not impair these common-law principles. But neither the Constitution nor section 2421, Code 1892, requires the affidavit to be sworn to by one having personal

knowledge of the facts stated in it, nor do we see any reason for supplying such omission on the part of the legislature. The improbabilities of finding a person who knows all the facts of any crime, and who, if knowing them, would be willing to charge them in such language as imports undoubted guilt, possibly induced the legislature not to require personal knowledge in the affiant; and that the legislature did not intend the affidavit to be made on personal knowledge is evidenced by the repeated attempts of that body to have misdemeanors prosecuted before justices of the peace instead of before the circuit courts, as by the act which authorized grand juries to refer misdemeanors presented to them to the proper justice of the peace of the county for trial. A person may be arrested only on probable cause, but probable cause in law is a charge of crime made on oath, without regard to the fact whether the oath is made on personal knowledge or upon information and belief merely. By common law certain officers made information without oath, and such unsworn information was probable cause by that law. Here Carver was a constable, a sworn officer of the law, and his affidavit, made upon information and belief, charging Quintini with a crime, was probable cause, and constituted a valid charge against Quintini for his arrest and trial. *State* v. *Davie*, 62 Wis. 305 [22 N. W. 411]; Clark's Crim. Proc., section 6; Bish. Crim. Proc., section 230; *Bigham* v. *State*, 59 Miss. 529; *Coulter* v. *State*, 75 Clark's Miss. 356 [22 So. 872]."

See, also, cases cited in 3 A. L. R. pp. 1517, 1518, under heading "Sufficiency of Showing of Probable Cause."

The Quintini Case, in our opinion, is controlling on the point raised that section 2088, Hemingway's Code, is unconstitutional. We do not think it is. The rule is that statutes are not to be held unconstitutional unless clearly so beyond reasonable doubt.

We think the warrant sufficiently described the premises to be searched. In our state it does not require the

technical description of a conveyance, but any description that will clearly give the officer information as to the location of the premises will be sufficient. In this case the number of the house and the street on which it is situated is an ample description. We do not think it is necessary to describe the intoxicating liquors any more definitely than to describe them as intoxicating liquors. Officers and persons seeking to enforce the laws against the use, possession, and sale of intoxicating liquors can rarely know with precision the kind of liquors kept. The object of the statute is to seize the intoxicating liquors alleged to be unlawfully possessed, kept, or stored for sale, giving the person in whose possession they are found the right to contest the issues involved after the seizure.

The other points presented are without merit, and the judgment will be affirmed.

*Affirmed.*