BREWER *et al. v.* STATE.*

(Division B. March 8, 1926.)

[107 So. 376. No. 25431.]

1. SEARCHES AND SEIZURES. *"John Doe" warrant held void.*
   Warrant for search of premises of one "John Doe" *held* void.

2. CRIMINAL LAW. *Searches and seizures. Wife may, on offer of evidence against her, complain of search of home rented or owned by husband on void warrant.*
   Relation of husband and wife is such that both possess the premises of the home when living there, regardless of which may rent or own it, so that wife may complain of illegal search thereof; evidence obtained thereon being used on prosecution of her.

3. CRIMINAL LAW.
   Evidence obtained on search of one's premises on a void search warrant is incompetent on prosecution of her.

4. INTOXICATING LIQUORS.
   Mere visitor at home, knowing nothing of still therein, may not be convicted of having possession thereof.

---

*Corpus Juris-Cyc. References: Criminal Law, 16 CJ., pp. 571, n. 93; 874, n. 93 New. Intoxicating Liquors, 33 CJ., pp. 580, n. 14; 606, n. 54. Searches and Seizures, 35 Cyc., pp. 1267, n. 17; 1272, n. 62; On admissibility of evidence obtained by illegal search and seizure, see notes in 24 A. L. R. 1408; 32 A. L. R. 408; On admissibility in evidence against defendant of documents or articles taken from him, see notes in 59 L. R. A. 466; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.   10 R. C. L., pp. 931-934; 2 R. C. L. Supp., p. 1112; 4 R. C. L. Supp., p. 679; 5 R. C. L. Supp., p. 573.

APPEAL from circuit court of Simpson county.

HON. W. L. CRANFORD, Judge.

Olivia Brewer and another were convicted of having possession of a still, and appeal. Reversed and remanded.

*J. P. Edwards,* for appellant.

The court erred in admitting in evidence the affidavit and search warrant. The affidavit for a search warrant for the search of the home or premises of "John Doe" and the warrant following same could not be used to search the premises of Oliver Brewer. This is nothing more or less than a blank affidavit and search warrant. *Orick* v. *State,* 140 Miss. 184, 105 So. 465.

We are not unmindful of the opinion rendered in *Ross* v. *State,* 105 So. 846, wherein it was held that one testifying in his own behalf that the still or liquor was not his, nor in his possession, could not be heard to complain of the unlawful seizure or search; but in the case at bar, only one of the defendants testified and, therefore, the rule announced in the Ross case cannot apply, and especially as to the defendant Nancy Tullos who did not testify at all.

There was no competent evidence to go to the jury for the reason that all the testimony or evidence presented by or on behalf of the state was the void search warrant and the information thereunder obtained, and for this reason the motion to exclude the testimony and for a peremptory instruction for the defendants should have been granted.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

In the determination of the question whether or not the testimony offered by the state and secured by a search of the premises of Oliver Brewer is admissible, it is unnecessary for the court to decide whether the affi-

davit for the search warrant and the search warrant were valid or invalid. The testimony in this case shows conclusively that these defendants would not come under the protection of section 23 of the state constitution. Counsel for appellant practically admits this to be true so far as the defendant Olivia Brewer is concerned and it is equally true as to the defendant Nancy Tullos. By the testimony of Olivia Brewer and McDaniels, both witnesses for the defendants, it is shown that neither of them had any right of ownership or control or possession of the searched premises, and they could not have complained even though the search had been made without any search warrant at all. In order to claim the benefit of section 23 of the state constitution the defendants must have at least the right of possession that would make them owners for the time being. *Harris* v. *State,* 97 So. 345; *Lee* v. *City of Oxford,* 134 Miss. 647, 98 So. 691; *Falkner et al.* v. *State,* 134 Miss. 253, 99 So. 509; *Ross* v. *State,* 105 So. 846.

The testimony if true is sufficient to sustain the verdict of guilty. The jury has found it to be true. Therefore, I submit that the judgment of the trial court should be affirmed.

HOLDEN, P. J., delivered the opinion of the court.

Olivia Brewer and Nancy Tullos appeal from a joint conviction upon a charge of having possession of a still.

Olivia Brewer lived with her husband, Oliver Brewer, in a house rented by him. Nancy Tullos occupied a part of the house. The officers secured a search warrant to search the house of "John Doe," and with this kind of a warrant entered and searched the premises of the appellants, and there found a small still hidden behind a screen in the fireplace. Oliver Brewer, husband of Olivia Brewer, appellant, was absent from home at the time of the search, and since has fled the country.

The appellant Olivia Brewer stated to the officers that the still belonged to her husband, and that she had noth-

ing to do with it. She also testified that the appellant Nancy Tullos was merely a visitor for the night and knew nothing about the still. Nancy Tullos did not testify nor offer any evidence in her behalf. The testimony thus secured by the search of the private premises was duly objected to upon the ground that the search was without a lawful search warrant. Olivia Brewer denied possession or control of the still, and said that the house was rented by her husband, and that her husband possessed the still which she objected to being on the premises.

The main point presented for reversal is that the evidence secured by the officers was inadmissible because obtained without a lawful search warrant.

We do not hesitate to say that the search warrant authorizing the search of the premises of one "John Doe" was utterly void, and we shall not take the time nor space to set out the manifest reasons for this conclusion.

But the state contends that the conviction should be upheld because the wife, Olivia Brewer, appellant, had not rented the house, and that therefore the house was not her private premises, but was the possession of her husband, and consequently she could not complain about the search of it with a void search warrant. We see no merit in this proposition, because the relation of husband and wife is such that they both possess the premises of the home when living there, regardless of which one may rent it or own it; and therefore a valid warrant was necessary to search the premises thus occupied by the appellant Oliver Brewer, and the testimony was inadmissible as against her, and the court should have sustained the motion to discharge her upon the testimony offered by the state.

As to the other appellant, Nancy Tullos, the testimony offered by the state shows that she was occupying as a residence a part of the house, and that the search of her part of the house was made under the authority of the "John Doe" warrant. Nancy did not testify at all, but

objected to the testimony obtained by the unlawful search.

The warrant was void, and the search of that part of the premises occupied and possessed by the appellant Nancy was unlawful, and the lower court should have sustained the objection to the testimony. Certainly the part of the house occupied by Nancy was her private possession, it was her home, and could not be searched without a lawful warrant for that purpose.

Nancy offered no testimony at the trial. Olivia said that Nancy was a mere visitor for the night, and knew nothing about the still. If this testimony was true, then Nancy should have been acquitted; but, if the testimony offered by the state was true—that is, that Nancy rented and occupied the part of the house in which they found her—then the testimony of the officers was incompetent as to Nancy, because it was secured without a search warrant to search her premises, and therefore, in either case, Nancy should have been discharged.

We have reviewed the numerous decisions cited by counsel on either side, and we think the conclusions reached above are in accord therewith. The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*