BANKS *v.* CITY OF JACKSON.*

(Division A. Jan. 14, 1929. Suggestion of Error Overruled Feb. 25, 1929.)

[120 So. 209. No. 27563.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1110, p. 571, n. 93; Intoxicating Liquors, 33CJ, section 371, p. 675, n. 99, 1; p. 677, n. 9; section 372, p. 677, n. 15; section 384, p. 683, n. 15.

*George L. Teat,* for appellant.

*Morse & Bryan, Louis M. Jiggitts* and *Powell, Harper & Jiggitts, amici curiæ.*

Argued orally by *G. L. Teat* for appellant and *Harry M. Bryan,* for appellee.

Cook, J.  The appellant, Cora Banks, was convicted in the police court of the city of Jackson of unlawfully having in her possession intoxicating liquor; and from this conviction and the sentence imposed, she appealed to the county court, where she was again convicted, and was sentenced to pay a fine of one hundred dollars and to serve a term of thirty days in the city jail. She thereupon appealed to the circuit court. Upon the hearing of the cause in the circuit court, the judgment of the county court was affirmed, and from this judgment of affirmance this appeal was prosecuted.

The evidence on which the conviction is based was procured by means of a search of certain premises in the city of Jackson under the authority of a search warrant issued upon the affidavit of the officer who made the search. At the trial in the county court, this affidavit and search warrant were offered in evidence, and the appellant objected to the introduction of the same, as well as any evidence secured by means of a search conducted under the authority of such warrant on the ground that the affidavit for the search warrant was fatally defective, and that the warrant was, therefore, void. This objection

was overruled, and the affidavit and search warrant admitted in evidence.

The several assignments of error argued by counsel for appellant are based upon alleged defects in the affidavit for the search warrant; this affidavit, omitting the formal parts, being in the following language:

Affiant "has reason to believe and does believe, that intoxicating liquors are being manufactured, possessed, sold or offered for sale, or given away, in violation of law, in the dwelling house, outhouses, upon the premises, in the automobile or other vehicles used or occupied by, and on the person of Unknown Occupant at 123 West Griffith street in the city of Jackson, in said county and state, and this belief is not feigned of malice against the said unknown occupant, but is founded on creditable information in that affiant has been informed by a credible person that such is a fact.

"Wherefore, affiant prays a search warrant directing a search of said dwelling, outhouses, premises, automobiles or other vehicles and the person of the said party or parties and premises above named and described, and the seizure of said liquors, vessels and appliances used in connection therewith and the arrest of the said unknown occupant, or such other party or parties as may be in possession or control thereof."

The first assignment argued by counsel is that the affidavit fails to allege that the intoxicating liquor possessed by the unknown occupant of the premises therein described was possessed "for the purposes of sale in violation of the laws of the state of Mississippi." The contention and argument of counsel on this point is based on the fact that section 1 of chapter 244, Laws of 1924 (section 2238, Hemingway's 1927 Code) provides that a search warrant shall be issued upon the affidavit of any credible person that he has reason to believe and does believe that "intoxicating liquor is being stored, kept,

owned, controlled, or possessed in any building or room in a building, . . . for purposes of sale in violation of the laws of the state of Mississippi." Paragraph 2 of section 1 of this act provides for the issuance of a war-rant upon an affidavit that "intoxicating liquor is being sold, or offered for sale, in violation of law," while paragraph 3 of section 1 provides for the issuance of such a warrant upon an affidavit "that intoxicating liquor is being manufactured or distilled or attempted to be manufactured or distilled in any building, or room in a building, or outhouses, or on any place in violation of the laws of the state of Mississippi."

The affidavit in the case at bar combines in one allegation the charge that the affiant had reason to believe, and did believe, that intoxicating liquor was being manufactured, possessed, sold, or offered for sale, in violation of law. In this affidavit the phrase, "in violation of law," refers to and modifies each of the words "manufactured," "possessed," and "sold or offered for sale," but in so far as the affidavit avers possession of intoxicating liquor by the unknown occupant of the premises therein described, it fails to allege in the language of the statute that such liquor is possessed on said premises for the purposes of sale. It will be unnecessary to now express any opinion as to whether the omission of the words, "for the purposes of sale," would invalidate an affidavit alleging the possession of intoxicating liquor in violation of law, for the reason that the affidavit here involved alleged that intoxicating liquors were being sold or offered for sale, in violation of law, on the said premises. This averment is in the exact language of paragraph 2 of section 1 of said chapter 244, Laws of 1924 (section 2238, Hemingway's 1927 Code), and was sufficient to authorize and require the issuance of a warrant for the search of the premises.

The appellant next contends that the affidavit is fatally defective for the reason that it does not affirmatively state any of the statutory grounds for the issuance of a search warrant, but attempts to join several grounds disjunctively, and in support of this contention relies on the decisions of this court that in an affidavit for attachment it is error to allege several grounds for attachment disjunctively.

It is provided by statute that in attachment suits the defendant may file a plea in abatement, verified by affidavit, traversing the truth of the alleged ground upon which the attachment was sued out; and the reason for the rule forbidding the statement of the grounds for attachment disjunctively, as stated by some of the text-writers, is that when the grounds for attachment are stated disjunctively, it is impossible to determine which is relied upon to sustain the attachment. This reason can have no particular force when applied to an affidavit for the issuance of a search warrant.

Section 1, chapter 244, Laws of 1924 (section 2238, Hemingway's 1927 Code) authorizes and requires the issuance of a search warrant upon the affidavit of any credible person that he has reason to believe, and does believe, that intoxicating liquor is being manufactured in violation of law, or is being sold or offered for sale in violation of law, either or both. The affidavit in the case at bar alleged that affiant had reason to believe, and did believe, that "intoxicating liquor was being manufactured, possessed, sold or offered for sale, or given away, in violation of law," etc., and was sufficient in this respect to authorize the issuance of a valid search warrant.

The principal contention of appellant seems to be that the affidavit is fatally defective for the reason that it does not affirmatively state any fact "specifically designating the place to be searched, and the person or thing'

to be seized;'' or, in other words, that the affidavit fails to name the occupant of the premises to be searched, but only alleged that the premises therein described were used or occupied by ''unknown occupant.'' In support of this contention, the appellant relies principally upon the case of *Brewer* v. *State,* 142 Miss. 100, 107 So. 376, in which it was held that a warrant authorizing the search of the ''premises of one 'John Doe' '' was void, and the case of *Parkinson* v. *State,* 145 Miss. 237, 110 So. 513, in which an affidavit was held to be insufficient which described the place to be searched as ''the premises of the W. M. Parkinson estate, about seven miles east of Cuger in said county and state.'' Neither of these cases is decisive of the question here presented. In the *Brewer case, supra,* the place to be searched was described in the affidavit and search warrant merely as ''the premises of John Doe.'' No other description of the place to be searched appeared in either the affidavit or search warrant. This was, in effect, a blanket warrant, which, if held to be valid, would have authorized the search of any place or premises in the district of the officer who issued the warrant; and that such a warrant is void for the reason that it violates the provision of section 23 of the Constitution of 1890, which prohibits the issuance of search warrants except on probable cause, supported by oath or affirmation, specifically designating the place to be searched, is manifest. So likewise in the *Parkinson case, supra,* the warrant was held to be void for the reason that the premises to be searched were not sufficiently described.

In the case at bar, the place to be searched is specifically described as being located at 123 West Griffith street, in the city of Jackson, in said county and state. This description of the place to be searched particularly pointed to a definitely ascertained place so as to exclude all others, and sufficiently described the premises to be

searched. That a description of the place by street and number is sufficient was held in the case of *Loeb* v. *State,* 133 Miss. 883, 98 So. 449, in which the court said that: "In our state it does not require the technical description of a conveyance, but any description that will clearly give the officer information as to the location of the premises will be sufficient. In this case the number of the house and the street on which it is situated is an ample description." Since the premises to be searched were sufficiently described otherwise, the name of the owner or occupant of the building was not essential in aid of the description of the place to be searched.

It was held in the case of *Comby* v. *State,* 141 Miss. 561, 106 So. 827, that a warrant to search a person is void; and the warrant in question in this case does not involve an attempt to search any person. The legality of the arrest of the appellant is not here involved. The place to be searched was sufficiently described in the affidavit and warrant; and, while it is proper to name the owner or occupant of the premises to be searched if the owner or occupant thereof is known, still, if such owner or occupant is unknown, this will not prevent a search of the premises when probable cause for such search exists. The issuance of the search warrant was an adjudication of the fact that the name of the occupant of the described building was unknown to the affiant, and the undisputed testimony in this record is to the same effect. *Hendricks* v. *State,* 144 Miss. 87, 109 So. 263; *Loeb* v. *State,* 133 Miss. 883, 98 So. 449. One who has reason to believe, and does believe, that the law is being violated in a certain house, and does not know the name of the occupant thereof, is not required to wait until he can find out the name of such occupant before causing a warrant to issue for the search of the house or premises.

Finally, the appellant seems to contend that the warrant was void, and the evidence secured thereby inad-

missible, for the reason that the officer's return on the warrant was defective; and, in support of this contention, he cites that line of cases in this state which holds it is necessary to the validity of a search warrant that a return day be fixed therein, as required by statute, and that such warrant be executed on or before the return day thereof. There is no merit in this contention. The return on the warrant was amendable, and a defective return on a legal warrant, after a search thereunder, in no way affects the lawfulness of the search. In the very recent case of *Washington* v. *State* (Miss.), 118 So. 719, the court said: "The warrant is not void because an improper return is made thereon. It is amendable in the court to which it is returnable, and may be amended to conform to the facts."

The judgment of the court below will therefore be affirmed.

*Affirmed.*