TRAXLER *v.* STATE.

Oct. 12, 1953

No. 38809 38 Adv. S. 26 67 So. 2d 292

*Colin L. Stockdale,* Jackson, for appellant.

*Joe T. Patterson*, Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The appellant, Carl Traxler, was tried and convicted in the Circuit Court of Rankin County on a charge of unlawful possession of intoxicating liquor and was sentenced to pay a fine of $500 and to serve a term of ninety days in the county jail. From that judgment he prosecutes this appeal.

The testimony of the State's witnesses shows that D. P. Gayden, Jr., a deputy sheriff of Rankin County, obtained a search warrant from H. R. Sprague, a justice of the peace for Supervisor's District No. 2, authorizing the search of the residence and outhouses of the unknown owner of the 80-acre tract of land described as "all of SW¼ of Section 28, Township 5 North, Range 2 East, lying north of Pearson & Whitfield Road, in Rankin County, Mississippi." Acting under authority of the above mentioned search warrant, Gayden, accompanied by three investigators for the Alcohol and Tobacco Division of the Internal Revenue Department, proceeded to the place described in the search warrant for the pur-

pose of making a search of the premises for intoxicating liquor. The officers arrived at the main dwelling house on the above mentioned tract of land about 4:00 o'clock p. m., and finding no one at home they drove to the top of a hill not far from the dwelling house and waited there, keeping watch for the owner or occupant. About thirty minutes later they saw a man drive up to the back door in an automobile and enter the house. The officers then drove back to the house for the purpose of making the search. The deputy sheriff knocked on the door, but no one came to the door. One of the officers then called to the man on the inside to "come and open up." The appellant came to the door and the deputy sheriff served the search warrant on him. Gayden testified that W. L. Polk, one of the federal officers with him, asked the appellant whether he had any whiskey in the house. The appellant in answer to the question said, "You will see when you get in there."

The officers proceeded to search the house and found in a closet in the front bedroom 29 one-gallon jugs of moonshine whiskey. Polk, who was personally acquainted with the appellant, testified that the appellant called him out into the back yard to talk to him, and said to him that he wanted Polk "to make it light on him." Polk told the appellant that the case would be handled in the state court, and that the sheriff or his deputy would have charge of the prosecution. While the officers were in the house Fred D. Shanks, another member of the Alcohol and Tax Division force, picked up two small memorandum books which were lying on the table and gave them to Polk. The deputy sheriff arrested the appellant and carried him to Brandon. Polk accompanied the deputy sheriff and his prisoner to Brandon, and while on the way Polk questioned the appellant about the memorandum books which appeared to be books of account. Polk asked him how much whiskey he had on the books—was it around $1,000.00? The appellant said, "No, I got six

or seven thousand, and I will take $100.00 for them now, if you will take them.''

The testimony of the officers showed that the premises described in the search warrant were located about nine miles west of Brandon and that there was a small cabin located near the main dwelling house, which was unoccupied. There was also another small building located on the 80-acre tract which was referred to as ''the club house.'' This too was unoccupied at the time the search was made.

The appellant testifying in his own behalf stated that he was living in the house where the liquor was found at the time the officers made the search, and had been living there a little more than a year. He stated that he only had a room there; that his wife's stepfather and his wife's mother, and one Clyde Thompson, his wife's uncle, also lived in the house. He was then asked, ''Where are those people?'' And his answer was that Clyde Thompson had gone to New Orleans, and the last time he had heard from his wife's stepfather and mother they were on their way to South Carolina. The appellant stated that he had nothing to do with any part of the house other than the room that he occupied; that he did not know that the whiskey was in the house; and that the whiskey did not belong to him. The appellant admitted that he had been convicted twice, once on a liquor charge and once on a charge of trespassing. He stated that the small house near the residence which the officers searched was occupied, and that people sometimes stayed in the little club house. He stated that the account books mentioned above were old account books, and that the accounts mentioned were old accounts he had on the books before he was caught the first time.

The appellant's attorney argues as grounds for reversal on this appeal: (1) That the court erred in overruling the appellant's objection to the introduction of the affidavit and search warrant; (2) that the court erred in

refusing to grant the appellant's request for a peremptory instruction; and (3) that the verdict of the jury was against the overwhelming weight of the evidence.

In support of his contention that the court erred in overruling his objection to the introduction of the affidavit and search warrant, the appellant contends that the description of the premises described in the affidavit and search warrant was so indefinite that the officers in making the search were unable to locate with reasonable certainty the property to be searched, and that the affidavit and search warrant failed to meet the requirements of Section 23 of the State Constitution. But this Court held in the case of Loeb v. State, 133 Miss. 883, 98 So. 449, that it is not necessary that the affidavit and search warrant contain such technical description of the place to be searched as is required in a deed of conveyance; and that "any description that will clearly give the officer information as to the location of the premises will be sufficient."

In the case of Matthews v. State, 134 Miss. 807, 100 So. 18, the Court held that the description of the premises to be searched as "the premises occupied by L. A. Matthews in District No. 5, about 14 miles northeast of Hazlehurst, in said county and state," was sufficient. In the case of Banks v. The City of Jackson, 152 Miss. 844, 120 So. 209, the Court held that an affidavit for a search warrant which sufficiently described the premises by street and number, but alleged that the premises were used or occupied by "unknown occupant" was sufficient; and the Court in its opinion said, "Since the premises to be searched were sufficiently described otherwise, the name of the owner or occupant of the building was not essential in aid of the description of the place to be searched."

 We think that the description of the premises described in the affidavit and search warrant that we now have before us was sufficient, and that there is no merit

in the appellant's contention that the search warrant was void because of the indefinite description of the property to be searched.

 We also think that the evidence was sufficient to support the verdict of the jury, and there was no error in the court's refusal to grant the peremptory instruction requested by the appellant.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.;* and *Lee, Holmes* and *Lotterhos. JJ.,* concur.