TRAXLER *v.* STATE

No. 42228 June 4, 1962 142 So. 2d 14

*Noel W. Buckley,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Etheridge, J.

Appellant, Carl Traxler, was convicted in the Circuit Court of Simpson County of the possession of a whiskey still. Miss. Code 1942, Rec., Sec. 2632. The overwhelming and, in fact, undisputed evidence reflected defendant's guilt. He offered no testimony. Five witnesses for the State, including the sheriff and four deputies, said that on August 10, 1961, they found Traxler and his stepson in the house in which the still was located. Defendant confessed he had been running it for about six weeks. It took two trucks to carry the contraband equipment to the courthouse.

The affidavit and search warrant issued on August 10, before the search and seizure of that date, were legally sufficient to support the search. The sheriff, who made the affidavit, did not know at the time

the owner of the house, so in the affidavit he swore that intoxicating liquor was near the residence of "John Doe", and then particularly described its location. The description in the affidavit and search warrant was sufficient to authorize the search. It enabled the officers to locate the property with reasonable certainty. Mason v. State, 32 So. 2d 140 (Miss. 1947).

Appellant relies on Brewer v. State, 142 Miss. 100, 107 So. 376 (1926), in which the search warrant was for the house of "John Doe", without any particular description of the premises. Banks v. City of Jackson, 152 Miss. 844, 120 So. 209 (1929), distinguished *Brewer* on this basis, pointing out that the search warrant in *Brewer* had no description of the place to be searched. In *Banks* the premises were described as being occupied by "unknown occupant", at a given street address in the City of Jackson. The search warrant was held valid. The place was specifically described and located, and it was said the name of the owner was "not essential in aid of the description of the place to be searched." It is proper to name the owner or occupant if known, but, if he is unknown, this fact will not prevent a search of premises when probable cause exists, and the property to be searched is described with sufficient clarity. Traxler v. State, 220 Miss. 354, 67 So. 2d 292 (1953); Rodgers, Search and Seizure in Mississippi, 28 Miss. L. J. 20, 25-28 (1956).

In summary, the evidence taken on August 10, pursuant to the search warrant issued that day, was validly obtained, and the trial court correctly overruled defendant's objections to that evidence. Nor is there any merit in the assertion that there was an invalid search one or two days earlier, which invalidity carried forward to the search made on August 10. In the absence of the jury, the sheriff, under cross-examination by defendant's counsel, stated that the first time he was on the property was August 8, that he then "had a search

warrant'', but ''only looked through the window.'' The officers remained hidden in the vicinity for the next day before the search on the 10th. Defendant's counsel made no objection on the basis that the affidavit and search warrant which the sheriff said he had on August 8 were not produced. This being true, the failure of the State to introduce the affidavit and warrant was waived by defendant, and cannot now be assigned as error. Carr v. State, 187 Miss. 535, 192 So. 569 (1940); Rodgers, *Ibid.*, 28 Miss. L. J. at 48.

 █ The trial court should have permitted appellant, in the preliminary hearing on validity of the search warrant, to show (as he offered) that he had a possessory interest in this property. It was owned by his wife, but apparently was unoccupied. However, this was not reversible error, since we have found that the search warrants were valid. █ The circuit court erred, over objection, in allowing the sheriff to testify concerning a plea of guilty entered by appellant's stepson in the youth court. Nevertheless, defendant's guilt is so manifest and undisputed that it would be absurd to reverse the case because of the admission of this testimony. Supreme Court Rule 11.

In short, appellant is manifestly guilty according to the undisputed evidence; the search and seizure were based on a valid search warrant; and we find no material, prejudicial error with reference to the admission or exclusion of evidence. Hence the conviction is affirmed.

Affirmed.

*McGehee, C. J.*, and *Kyle, Arrington*, and *Gillespie, JJ.*, concur.