SMITH, Justice:
Billy D. Till, W. J. Malone, Hudie Martin and Sidney Robinson, police officers, were defendants in a suit for damages brought against them in the County Court of Hinds County by appellants, Walter Lee Mayes and James N. Mayes. The gravamen of the cause of action stated in the declaration was that appellees had made an illegal and forcible entry and search of plaintiffs’ private apartment. It was alleged that the doors and locks of the apartment had been left in such damaged condition as to be incapable of being secured and that as the foreseeable consequence of such illegal actions certain enumerated articles of personal property belonging to plaintiffs and kept therein had thus been exposed to theft, and had been in fact, taken away by persons not named and that plaintiffs were entitled to recover their value. There is no allegation or suggestion that these articles were taken by ap-pellees.
The apartment occupied by appellants and which was the subject of the alleged illegal search, consisted of several rooms comprising the entire top floor of a two-story concrete block building. The ground floor of this building was occupied by a small cafe operated by Bessie Chinn and her husband, Moses Chinn. The address of the cafe was 2243 Whitfield Mill Road. *579 The address of the apartment occupied by-appellants was 2243B Whitfield Mill Road. Several items of mail addressed to appellants at 2243B Whitfield Mill Road appear in the record. It is undisputed that there was no connection of any kind between the Mayes and the Chinns or between the Mayes’ apartment and the Chinns’ Cafe.
It appears that Moses Chinn had a history of convictions involving illegal liquor dealing. On July 17, 1970, appellee police officers made affidavit before a Police Justice (as ex officio Justice of the Peace), stating in substance and among other things, that they had good reason to believe and did believe that “untaxed corn whiskey and bonded whiskey for sale” were then being concealed in or about a “place in the City of Jackson, Mississippi, 2243 Whitfield Mill Road.” The affidavit stated: “That the place described above is occupied and controlled by: Occupants Unknown.” A warrant to search 2243 Whitfield Mill Road was duly issued.
Armed with this warrant, the officers proceeded to 2243 Whitfield Mill Road and searched the Chinn Cafe. It is admitted that they also searched 2243B Whitfield Mill Road, the apartment occupied by appellants, for which they had no warrant. At the time of the search the Mayes were not present and learned of it some time later. From this point the evidence is conflicting. There was proof offered by appellants that the address 2243B appeared at the foot of the stairs leading to their apartment. The officers denied this. Witnesses for appellants testified that the officers kicked down the apartment doors, broke the door locks and hinges, making it impossible to secure them and thus left the contents exposed to easy theft. The officers, on the other hand, although admitting the search of the apartment, denied kicking in the doors and denied breaking the locks or the hinges. They stated that no violence was employed and that they entered the apartment merely by opening the doors which were not locked. Their position is that they considered the apartment a part of the premises authorized to be searched and referred to in the affidavit and warrant as 2243 Whitfield Mill Road. There is evidence that, although the affidavit and warrant state that the occupants of 2243 Whitfield Mill Road were unknown, at least one or more of the officers knew that the cafe was that of Moses Chinn and Bessie Chinn. Also, a warrant had been obtained to search the residence of the Chinns at 2245 Whitfield Mill Road, where they were known to reside. There is no interior connection of any kind between the ground floor cafe and the top floor apartment of the Mayes. The only means of gaining access to the Mayes’ second floor apartment consisted of an iron stairway affixed to the outside of the building.
At the conclusion of plaintiffs’ case, the trial judge excluded the evidence offered by plaintiffs and directed a verdict for defendants. The plaintiffs appealed to the Circuit Court of the First Judicial District of Hinds County where that court affirmed. They now appeal here.
It has been said, and (sadly enough) too often it is true, that the policeman’s lot is not a happy one. In the discharge of duties which often are not only onerous and unpleasant but personally dangerous to him he is entitled to have and should have the support of the public. In executing warrants the law casts about him a certain measure of protection against personal liability.
The general rule is well stated in 47 Am.Jur. Searches and Seizures, section 64, pp. 542-543, (1943), as follows:
The rule is well established, for reasons founded on public policy and in order to secure a prompt and efficient service of legal process, that a search warrant regular on its face, directed to a ministerial officer for execution, and issued by one duly authorized to issue the same, is a protection to such officer in executing it in an orderly manner, and he is, therefore, not civilly liable for so doing, even though in fact the warrant *580 may be invalid for some reason not apparent upon inspection. This principle applies to protect the officer who executes it, although the warrant is issued irregularly, without an affidavit or complaint, or upon an insufficient affidavit or complaint. Similarly, although the warrant does not contain a technically accurate or sufficient charge of the offense, and the complaint on which it was issued likewise did not, the officer is protected. In no such instance is it the duty of the officer commanded to serve such process to go behind the warrant and to exercise his judgment touching the validity of the process in point of law.
But in the case now before us, the officers had no warrant to search the Mayes’ apartment at 2243B Whitfield Mill Road. The mere fact that the apartment was located in the same building as the Chinn Cafe, which was the real object of the search and the search of which was authorized, was not sufficient to extend the authority of the officers under the warrant to enter or to search the apartment. The Mayes were in no way involved in the Chinns’ activities and their apartment, rented by them from the owner of the building and which could only be entered by means of the outside stairway, was not connected with the cafe.
A similar question has been dealt with by this Court previously. In Brewer v. State, 142 Miss. 100, 107 So. 376 (1926) a search under a warrant issued for the search of a certain house was extended to separate quarters therein occupied privately by one Nancy Tullos. This Court said “. . . the part of the house occupied by Nancy was her private possession, it was her home, and could not be searched without a lawful warrant for that purpose.”
This principle, stated in Brewer, was referred to and approved by this Court in Cox v. State, 201 Miss. 568, 29 So.2d 661 (1947).
Also, in recent days, this Court, in Scott v. State, 266 So.2d 567, decided July 3,1972, reaffirmed Brewer and said:
These cases establish the rule in this state that where the proof shows that a person is renting a room or is in possession of a room in a house or an apartment under such circumstances as to make such person the owner thereof for the time being, such person is entitled to the protection afforded by Section 23 of the Constitution.
The warrant for the Chinns’ Cafe at 2243 Whitfield Mill Road did not authorize the entry or search of the separate apartment occupied by the Mayes at 2243B Whitfield Mill Road, and their entry and search of that apartment was unlawful.
The use of the B suffix to indicate the address of private quarters in a larger building is neither new nor unusual. In this case, as the mail addressed and delivered to the Mayes shows, the postal authorities recognized it as their address. An old address of that type, and one widely known among the English-speaking peoples of the world, is that of the rooms occupied by Sherlock Holmes at 22IB Baker Street, London. The Holmes’ rooms were upstairs and comprised part of a house owned, and the rest of which was occupied by, Mrs. Hudson, their landlady. It could hardly be argued with reason that a search warrant issued and which gave only the address of Mrs. Hudson’s house as the place to be searched could be extended to permit a search of Holmes’ private rooms at 221B Baker Street.
 On undisputed facts in the record appellants were entitled to recover nominal damages for the unlawful entry and search of their apartment. There is a factual issue, however, for determination by a jury, as to their liability for the value of articles alleged to have disappeared from the apartment after the search. The officers denied that they had found the doors locked, denied the use of force to effect an entry and denied breaking locks and *581 hinges. The testimony for appellants was to the contrary. It is for a jury to say whether the officers did or did not, as the result of their actions in searching the apartment, leave its contents so exposed as to make their loss by theft a reasonably foreseeable consequence of their unlawful acts. And, of course, it must be shown that such articles were in the apartment at the time and were, in fact, lost as the result or in consequence of such exposure.
The judgment appealed from is reversed and the case remanded for another trial.
Reversed and remanded.
RODGERS, P. J., and BRADY, PATTERSON and SUGG, JJ., concur.