## Anderson v. Commonwealth.

(Decided March 3, 1925.)

## Appeal from Fulton Circuit Court.

1. Criminal Law—Searches and Seizures—Permitting Testimony that Date of Affidavit was Wrong Held Not Error, nor Amendment of Warrant After Execution.—Where county judge, in making out jurat, inadvertently fixed erroneous date in affidavit, it was not error on trial to permit him to testify to true fact, nor was such course in effect an amendment of search warrant after its execution.

2. Searches and Seizures—Description in Warrant of Property to be Searched Held Sufficient.—Description in search warrant of property to be searched as "the house used and occupied by J. A. as a dwelling house and hotel and outbuildings and premises attached thereto . . . located and being in F. county, and on the east side of E. Third street near the I. C. Depot in F., Ky.," held sufficient, though building was some distance from Third street.

3. Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Possession.—Evidence held to sustain conviction for unlawful possession of intoxicating liquor.

4. Criminal Law—Inapplicable Instruction Held Not Prejudicial.—Instruction based on Ky. Stats., section 2554a-7, that "no trick, device, or subterfuge shall be allowed by a defendant to evade the law against the possession of intoxicating liquor," though not applicable, held not prejudicial.

ED THOMAS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is an appeal from a conviction for the unlawful possession of intoxicating liquors. The appellant, a colored man, is the owner of a hotel in Fulton, in which he resides.

Acting under a search warrant and warrant of arrest, the sheriff arrested him in his hotel and upon a search found a basket containing fifteen one-half pint bottles of moonshine whiskey secreted in a closet in the hall. It is earnestly insisted that the court erred in admitting the evidence obtained by the search. It appears that on the 27th of August, 1924, the sheriff accompanied two colored boys to the county judge and that they made an affidavit as to possession of liquor by appellant. It was sufficient in all respects, and thereupon the county judge issued the search warrant in question and a warrant of arrest for appellant.

These were also in every respect regular, but in making out the jurat the county judge inadvertently fixed the date in the affidavit as of the 28th of August, both warrants being dated August 27th. On the trial the county judge was introduced as a witness for the Commonwealth, and over appellant's objection was permitted to testify to these facts, and thereupon the court overruled the objection to the evidence procured under the search.

It is now argued that such action was in effect an amendment of the search warrant after its execution. We do not so regard it. The warrant was not changed in any respect, and it was not improper to permit the officer who issued it to show its true date.

It is also argued that the warrant is defective in not properly describing the location of appellant's house. It is described in these words:

> "The house used and occupied by John Anderson as a dwelling house and hotel and outbuildings and premises attached thereto . . . located and being in Fulton county, Ky., and on the east side of E. Third street near the I. C. depot in Fulton, Ky."

The building searched was a house occupied by John Anderson as a dwelling house and hotel, the one in which he resided for seven or eight years, and it was the only one he owned in Fulton. It is located on the east side of the street near the I. C. depot, but was about 150 or 200

yards beyond Third street. This description identified the property and the slight variance in the location was not of material force. It would have been sufficiently definite to have upheld the sale of real property, and we do not think more is necessary in this case.

The sheriff testified that after appellant was arrested that he told him he had a search warrant to search his place, and appellant said "all right;" that when he got to the closet door he asked for the key and appellant claimed not to have it, and said he guessed the maid had it over in Tennessee with her; he again asked him to give it to him or to get it, and appellant said "He could not, that he guessed the maid or boy Utley had it." The sheriff then told a workman present to give him (appellant) a hammer, and for him to break open the door; that appellant got him by the sleeve and carried him into another room and said, "My God, you have got me now; don't make me open that door; don't expose me like this." He then knocked open the door and found the liquor.

Appellant denies this conversation; he admits the finding of the liquor, but says it was secreted there by his porter, Robert Utley, without his knowledge, and denies all connection therewith or knowledge thereof. The sheriff is also to some extent contradicted by others.

Appellant and his maid both state that Utley carried the key to the closet; that the maid got her broom and mop out of the closet about 8 a. m. and that there was no liquor there at that time; she further states that she afterward gave the key to Utley.

Utley was a porter at the hotel and admits that the liquor belonged to him and that he had secreted it in the closet without the knowledge or consent of appellant, who had no interest in it or connection with it. However, we have ruled that the evidence procured by the search was admissible and it follows there was sufficient evidence to sustain the verdict.

The court instructed the jury: "No trick, device or subterfuge shall be allowed by a defendant to evade the law against the possession of intoxicating liquor." This is a statutory provision. Section 2554a-7, Ky. Statutes. While perhaps not applicable to the state of case here presented, we cannot say that it was prejudicial under the facts detailed.

Wherefore, perceiving no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.