# CASES ARGUED AND DETERMINED

# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1926.

WINTERS *v.* STATE.*

(Division A. March 1, 1926.)

[107 So. 281. No. 25468.]

1. SEARCHES AND SEIZURES. *Statutory provision that search warrant may issue upon affidavit of any credible person, that he has reason to believe, and does believe, certain facts, held not to violate Constitution (Laws 1924, chapter 244, section 1; Constitution 1890, section 23).*

    The provision of section 1, chapter 244, Laws 1924, that a search warrant may issue upon the affidavit of any credible person that he has reason to believe, and does believe, certain facts, does not violate section 23 of the state Constitution.

2. INTOXICATING LIQUORS. *Affidavit for search warrant held sufficient, though not signed by affiant (Laws 1924, chapter 244, section 4).*

    The form provided for a search warrant by section 4, chapter 244, Laws 1924, is directory, and, although the form contains a blank for the affiant's signature, an affidavit is sufficient, though not signed by the affiant.

3. CRIMINAL LAW. *Statement of county attorney referring to still, in argument to jury, "Then whose was it?" "It was up to them to show whose it was in the house," held not erroneous as comment on failure of accused to testify.*

(71)

In a prosecution for having a still in possession, the evidence of which was discovered by a search of the defendant's house by several officers, and only officers and the defendant were present, a bill of exceptions disclosing that defendant did not testify, and that the county attorney, in his closing argument, said, "Then whose was it?" "It was up to them to show whose it was in the house," is insufficient for the supreme court to say that the attorney meant thereby to comment on the failure of the defendant to testify.

---

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 903, n. 61. Intoxicating Liquors, 33 C. J., p. 677, n. 21. Searches and Seizures, 35 Cyc., p. 1266, n. 13.

APPEAL from circuit court of Humphreys county. HON. S. F. DAVIS, Judge.

Frank Winters was convicted of having a still in his possession and he appeals. Affirmed.

*T. E. Mortimer* and *Jones & Womack,* for appellant.

The overruling of the defendant's motion to quash the indictment, assigned as the first error, brings up first the constitutionality of section 1, chapter 244, Laws of 1924, as being violative of section 23 of the constitution. It was never intended by the framers of the constitution that so drastic a writ should be issued upon an affidavit based upon information and belief, or hearsay, but there must be "probable cause" and this probable cause supported by affidavit, and the probable cause must be judicially determined.

A statute requiring or authorizing an affidavit for a search and seizure warrant upon information and belief is insufficient to support a search warrant under the constitutional provision that no warrant shall issue but upon "probable cause" supported by oath or affirmation. *State* v. *Peterson,* 194 Pac. 342, 13 A. L. R. 1284, 24 R. C. L. 708; *Rex* v. *Kehr,* 11 Ont. L. Rep. 517, 6 Ann. Cas. 612; *State ex rel. Register* v. *McGahey,* 12 N. D. 535, 97 N. W. 865, 1 Ann. Cas. 650, 14 Am. Crim. Rep. 285.

The deputy sheriff who undertook to make the affidavit for search, made no representation to the justice of the peace of knowledge, and made no pretense of information, and the testimony does show that information came to the sheriff, and the making of the affidavit, if any, was a perfunctory, hardly necessary, function, for which no one having anything to do with the issuance of the warrant entertained a passing respect.

Probable cause must always be submitted to the magistrate called on to issue a search warrant and he is to exercise his judgment as to the sufficiency of the grounds. *United States* v. *Rykowski,* 267 Fed. 866.

Statutes authorizing searches and seizures must receive strict construction. *State* v. *Turner,* 98 So. 240; *State* v. *Watson,* 98 So. 241; *Livelar* v. *State,* 98 So. 330, 53 So. 681; *Holberg Merc Co.* v. *State,* 95 Miss. 21, 48 So. 622, 18 Am. Cas. 819; *State* v. *Peterson,* 27 Wyo. 185 194 Pac. 342, 13 A. L. R. 1284.

The affidavit for search and seizure designated by the statute, section 4, chapter 244, Laws of 1924, is a designation of the form which may be used to make out a valid affidavit for search, and we here submit that "may" must be construed as "shall" since a strict and mandatory construction must be given the language of a criminal statute. The legislature cannot by the use of the word "may" relieve the statute of the necessity for a strict construction because it must seriously affect the lives and liberty of the people, particularly is this true when it is in derogation of a constitutional right reserved to the people. Section 4 leaves a blank space and a line at the lower right end of which is the word "affiant," clearly meaning and indicating the name of the informant shall be signed thereon. This was not done here. It will be contended by attorneys for the state that it is nevertheless an affidavit, and this may be, and might have been sufficient had the legislature left some discretion as to the form to be used.

Now as to the remarks of the attorney for the state, set up in the special bill of exceptions: "Then whose

was it?'' referring to the still, ''It was up to them to show whose it was, in his house.'' The only person present when the house was searched was the defendant and the officers, and no one to testify for the defendant, except himself, and he exercised his privilege of not testifying in his own behalf, and this comment necessarily directed the attention of the jury to the fact that the defendant had not availed himself of the personal privilege of testifying in his own behalf. *Hoff* v. *State,* 83 Miss. 488, 35 So. 950; *Smith* v. *State,* 87 Miss. 627, 40 So. 229.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

A. Section 1, chapter 244, Laws of 1924, is constitutional. The part of said section under attack is copied *verbatim* from chapter 115, Laws of 1908, which is brought forward in section 2088, Hemingway's Code. The constitutionality of said statute has been heretofore determined by this court in *Loeb* v. *State,* 133 Miss. 883; *Quintini* v. *State,* 76 Miss. 498; *Bufkin* v. *State,* 134 Miss. 1.

B. The proof is absolute, positive, and certain that J. A. Smith did make oath before J. B. Smith, justice of the peace, that the allegations contained in the affidavit for search warrant were true. The jurat of the justice of the peace certified that the oath was made. That the signature of an affiant to an affidavit is unnecessary is well established by the laws of this state and by the decisions of this court. It is not necessary that an affiant should sign his affidavit. It is sufficient if the officer taking it certify that affiant took the proper oath. *Yieser* v. *Burke,* 3 S. & M. 439; *Redue* v. *Woffard,* 4 S. & M. 579; *Brooks* v. *Sneed,* 50 Miss. 416; *Coppock* v. *Smith,* 54 Miss. 640; *Husbands* v. *State,* 105 Miss. 548; *Borders* v. *State,* 104 So. 145.

C. The issuance of a search warrant by a justice of the peace, in this state, is a judicial act by a court of rec-

ord. It is made the duty of the justice of the peace of the county to issue search warrant when a proper affidavit is lodged with him. A proper affidavit was lodged with the justice of the peace in this case and he issued a search warrant, and it was, therefore, improper for the circuit court to allow defendant in the court below to introduce proof as to what proof was made to the justice of the peace before the issuance of the search warrant. See *Bufkin* v. *State,* 134 Miss. 1.

The remarks of Mr. Nason, prosecuting attorney for the state, in his closing argument to the jury, are cited as error on the theory that they are a comment on the failure of the defendant to testify in his own behalf. The record does not contain enough of what was said for the court to determine that the statement of the attorney referred to the appellant. In fact, the remark as quoted shows that the attorney really said that it was up to the witnesses for the state to show whose still it was.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for having a still in possession. The evidence on which a conviction was had was obtained by means of a search of the appellant's premises pursuant to a warrant therefor. The affidavit on which the warrant was issued was made under chapter 244, Laws of 1924, by a deputy sheriff, who had no actual knowledge of the matters alleged in the affidavit, but made the affidavit on information and belief. The affidavit was not signed by the affiant, but the jurat of the justice of the peace before whom the affidavit was made is affixed to the affidavit, and both the justice of the peace and the affiant testified that it was sworn to by the affiant.

The appellant objected to the admission of the evidence obtained pursuant to the search warrant, for the following reasons: First, the provision of section 1, chapter 244, Laws of 1924, that a search warrant may issue "upon the affidavit of any credible person that he

has reason to believe and does believe,'' etc., violates section 23 of the state constitution; and, second, the affidavit was not signed by the affiant. Both of these contentions have been ruled against the appellant—the first by *Loeb* v. *State,* 98 So. 449, 133 Miss. 883; the second by *Husbands* v. *State,* 62 So. 418, 105 Miss. 548.

But it is said by counsel for the appellant that the form prescribed by the affidavit by section 4 of the statute hereinbefore referred to is mandatory, and, since a blank is therein left for the affiant's signature, the affidavit is not valid, unless signed by him. There is no merit in this contention. The provisions of section 1 of the statute are mandatory (*Turner* v. *State,* 98 So. 240, 133 Miss. 738), but the form of the affidavit prescribed by section 4 is not mandatory but simply directory.

The only other assignment of error to which a response is necessary is that the county prosecuting attorney, in his closing argument, commented on the failure of the defendant to testify. The search of the appellant's house was made by several officers, and the only person present beside the officer was the appellant himself. The remarks of the county prosecuting attorney are set forth in a special bill of exceptions as follows:

"The county prosecuting attorney used the following remarks in closing the argument for the state in speaking of the still in question: 'Then whose was it?' 'It was up to them to show whose it was in his house'—to which remarks the attorney for defendant, T. E. Mortimer, objected thereto immediately after said remarks were made and before said argument was completed, and the court, sustained the objection by defendant's counsel.''

This 'excerpt from the county attorney's remarks is so meager that it is impossible to say therefrom that it was aimed at the appellant's failure to testify. The use of the pronoun "them" indicates that he was not referring solely to the appellant, and, in so far as the excerpt discloses, he may not have intended to refer to him at all.

*Affirmed.*