HENDRICKS v. STATE.*

(Division B.   June 15, 1926.   Suggestion of Error Overruled July 31,
1926.)

[109 So. 263.   No. 25535.]

1.  SEARCHES AND SEIZURES.
    Issuance of search warrant is judicial finding of necessary facts
       set forth in affidavit therefor, and an adjudication that there is
       probable cause for search.

2.  SEARCHES AND SEIZURES.  *Affidavit for search warrant dated day
       after date in warrant need not be amended, where evidence
       showed that warrant was based on such affidavit, and date was
       mere oversight.*
    Affidavit for search warrant, dated the day after date in warrant,
       need not be amended, where evidence showed that search warrant
       was based on such affidavit, and date was mere oversight; search
       warrant itself being judicial determination that it was founded
       on proper affidavit.

3.  INTOXICATING LIQUORS.  *Search warrant held not vitiated by com-
       mand to officer to bring liquor, if practicable, before officer issu-
       ing warrant (Laws 1924, chapter 244, section 1, subd. 4).*
    Search warrant, commanding officer to bring liquor, if practicable,
       before officer issuing warrant *held* not vitiated as being incon-
       sistent with provision in Laws 1924, chapter 244, section 1,
       subd. 4, requiring officer to hold thing seized until disposed of by
       law.

4.  SEARCHES AND SEIZURES.
    Search warrant, authorizing search of defendant's person, was not
       void by reason thereof, where person was not searched.

*Corpus Juris-Cyc References:  Intoxicating Liquors, 33CJ, p. 680,
n. 74.   Searches and Seizures, 35Cyc, p. 1266, n. 13; p. 1267, n. 18.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Ella Hendricks was convicted of having in her possession intoxicating liquors, and she appeals. Affirmed.

Briefs filed for appellant by *C. O. Jaap,* and *Geo. L. Teat,* and for the State by *Rufus Creekmore,* Special Assistant Attorney-General.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Hinds county, sitting in and for the First district of said county, of having in her possession intoxicating liquors, and fined the sum of one hundred dollars, and sentenced to sixty days' imprisonment. From that judgment she prosecutes this appeal.

The evidence upon which appellant was convicted was secured by virtue of a search of her home and premises. Appellant contends that the search warrant was void, and therefore the search illegal for the following reasons: (1) Because of a discrepancy between the date of the affidavit for the search warrant and the date of the issuance of the search warrant. The affidavit for the search warrant was dated July 4, 1925, while the search warrant itself was dated July 3, 1925. (2) Because the search warrant commanded the officer making the search to "bring the liquor, if practicable, before me at my office," while the statute (subdivision 4 of section 1, chapter 244, Laws of 1924) requires that the officer seizing the liquor "shall hold the same until disposed of by law." (3) That the search warrant was void because it authorized the search of the person of appellant; and (4) the evidence was insufficient to sustain the conviction. We will consider appellant's contentions in the order stated.

(1) The discrepancy between the date of the affidavit and the date of the search warrant: The is-

suance of a search warrant is a judicial finding by the officer issuing the warrant of the necessary facts set forth in the affidavit therefor. It is an adjudication by the officer issuing the warrant that there is probable cause for the search sought to be made. *Loeb v. State,* 133 Miss. 883, 98 So. 449. It was recited in the search warrant involved that the affidavit upon which it was based was made on the day the search warrant was issued. In addition to that, the affidavit and search warrant laid down side by side show by their recitals in unmistakable terms that the latter was the outgrowth of the former. The description of the places and things to be searched in each are identical, except the search warrant following the form laid down in the statute authorized the search of appellant's person. They both show that the affidavit was made by the constable, Hamp Simmons; that the affidavit was made before O. H. Flowers, the justice of the peace who issued the search warrant, and the places and things to be searched in both are described as being "near Hardie's store on Gallatin street road, in the said county and state." The search warrant itself was a judicial determination that it was founded on proper affidavit, and the evidence shows in unmistakable terms that that affidavit was the one dated July 3, 1925, which date was in the affidavit through mere oversight. There was no necessity to amend the affidavit in order to show that the search warrant had been legally issued.

We are of opinion that appellant's second contention that the search warrant was vitiated by the command therein as to what the officer should do with the liquor when seized is without merit. The search warrant commanded the officer to "bring the liquor, if practicable, before me at my office." The statute (subdivision 4 of section 1, chapter 244 of the Laws of 1924) provides that the officer making the search and seizure shall "hold the same [the thing seized] until disposed of by law." We see no substantial difference between the command in the search warrant and the command required by the

statute to be incorporated in the search warrant. The command to bring the liquor before the officer issuing the search warrant, if practicable, was not inconsistent with the disposition of the liquor according to law.

Appellant's third contention is that the search warrant is void because it authorized the search of appellant's person. Conceding that there was no authority of law for the search of appellant's person, still appellant cannot complain at this provision in the search warrant because her person was not searched. She was not harmed by it. The incorporation of that command in the search warrant was mere surplusage.

Appellant's last contention, namely, that the evidence was insufficient to go to the jury on the question of appellant's guilt, is also, we think, without merit. We think the evidence was sufficient.

*Affirmed.*