MAI *v.* STATE.*

(Division B. Dec. 3, 1928. Suggestion of Error Overruled Dec. 22, 1928.)

[119 So. 177. No. 27381.]

226

*Corpus Juris-Cyc References: Constitutional Law, 12CJ, section 222, p. 794, n. 23; Searches and Seizures, 35Cyc, p. 1265, n. 6; p. 1266, n. 13; p. 1267, n. 20; Every presumption indulged in favor of constitutionality of statute, see 25 R. C. L. 1000; 3 R. C. L. Supp. 1437; 4 R. C. L. Supp. 1615; 5 R. C. L. Supp. 1358; 6 R. C. L. Supp. 1498; 7 R. C. L. Supp. 860.

*Shands, Elmore & Causey,* for appellant.

228

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

*Shands, Elmore & Causey,* in reply for appellant.

ANDERSON, J. Appellant was convicted in the circuit court of Bolivar county of the crime of possessing a still, and was sentenced to the penitentiary for the term of one year. From that judgment he prosecutes this appeal.

Much of the material evidence against appellant was secured by a search of his home and premises. The search was made by officers in pursuance of a search warrant issued for that purpose. Appellant undertook to show by testimony that such warrant was issued without probable cause. The court heard evidence of that character, and admitted the testimony of the officers making the search.

The issuance of a search warrant is a judicial finding by the officer issuing the warrant of the existence of the statutory grounds therefor set forth in the affidavit for the warrant. The issuance of the warrant is an adjudication by the officer issuing the same that probable cause exists for the search sought to be made. *Hendricks* v. *State,* 144 Miss. 87, 109 So. 263; *Loeb* v. *State,* 133 Miss. 883, 98 So. 449. It is true that in none of these cases did the court hold that the issuance of a search warrant was a *conclusive* judicial finding of the existence of probable cause therefor, but the reasoning in those cases lead to that result. Where a search and seizure is made in pursuance of an affidavit and search warrant, legal on their face, to permit the defendant to

challenge the truth of the judicial finding of the officer issuing the warrant that probable cause existed therefor would open up for trial an issue collateral to that of the guilt or innocence of the defendant. In many cases the field of inquiry would be very broad, and calculated to divert the minds of the jury from the main issue. Such result should be avoided, unless the defendant would thereby be deprived of a substantial right. Some courts have held that whether a search warrant is issued on probable cause is always a question of legitimate inquiry. We think the contrary rule is the sounder one, and by its enforcement a defendant would be deprived of no substantial right. We hold that, as between the state and the defendant, a judicial finding of the officer issuing the warrant, of the existence of probable cause therefor, is conclusive, and therefore cannot be inquired into; and evidence procured by the state in pursuance of a search under such a warrant, where competent and relevant, is admissible against the defendant. Those decisions of our court, holding that, in cases where the search was authorized by law, upon probable cause, without a search warrant, the defendant, on his trial, was entitled to controvert the state's claim of probable cause, are not in point. The reason upon which such cases are founded is that there has been no adjudication of probable cause previous to the search; therefore, on the trial of the defendant, the question of probable cause is open for investigation and determination. Our holding in this case does not mean that as between the person making the affidavit for the search warrant and the officer issuing the warrant, on the one hand, and the defendant on the other, in a suit by the latter against either one, or both, of the former, for the unlawful procurement or issuance of the warrant, the finding of probable cause by the officer issuing the warrant would be conclusive against the plaintiff. That question is not presented in this case for decision. It follows from these views that the trial court

should not have gone into the question of whether probable cause did, in fact, exist for the issuance of the search warrant.

Appellant contends that the search warrant was void, because it was issued in violation of section 169 of the Constitution, which provides, among other things, that "the style of all process shall be 'The State of Mississippi.'" The search warrant involved has this caption, which conforms to chapter 244 of the Laws of 1924, Hemingway's Code of 1927, section 2240: "State of Mississippi, Bolivar County: To any lawful officer of Bolivar County, Mississippi," etc. Appellant argues that there is no authority, under the section of the Constitution referred to, to style criminal process in that manner; that "State of Mississippi, Bolivar County," in the search warrant, was a mere statement of venue. We do not think that appellant's position is well-founded. We think a fair interpretation of the search warrant is that the state of Mississippi and Bolivar county directed any lawful officer of the county to proceed to execute the warrant according to its terms. Bolivar county might probably have been left out of the warrant, but failure to do so does not deprive the warrant of its proper style, as required by section 169 of the Constitution. To hold otherwise would mean that the above statute prescribing the form of search warrants violates section 169 of the Constitution. Every reasonable presumption should be indulged in favor of the constitutionality of the statute. Under that rule we cannot say that the statute in question violates section 169 of the Constitution.

*Affirmed.*