CASTELLUCIO *v.* STATE.

(Division B.   March 13, 1933.)

[146 So. 599.   No. 30581.]

**Jno. C. Street**, of Poplarville, for appellant.

518

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, John Castellucio, was convicted for manufacturing intoxicating liquor, sentenced to serve a

term of two years in the state penitentiary, from which he appeals here. He was indicted jointly with Nick Curich and Rudolph Curich, but on motion was granted a serverance and was tried separately.

The principal evidence against the appellant was a confession, coupled with the evidence discovered by means of a search warrant issued by a justice of the peace for the purpose of making a search of the premises of one "Alias Mr. Nix" in a building occupied by him, in which affidavit was made that affiant had good reason to believe, and did believe, that intoxicating liquor was being stored, kept, owned, controlled, or possessed for the purpose of sale, on the premises commonly known as the "Grabe Place" and the "Ash Place," located at Ozono. The sheriff, armed with this search warrant, with several deputies, went to the Grabe place, and, on being examined, the sheriff testified at great length as to the information upon which he obtained the search warrant.

The justice of the peace, having issued the search warrant, adjudicates that there was probable cause, and we have held that this adjudication is sufficient to show there was probable cause to make the search without any doubt.

There was a variance between the affidavit for the search warrant and the search warrant, in that the search warrant embraces also a recital of manufacturing liquors at said premises.

We do not think, so far as the appellant is concerned, that the legality of the search warrant is material. The sheriff went upon the premises, and there saw the building from which the appellant and Rudolph Curcio came. Rudolph Curcio is the son of Nick Curcio, who was the owner and in possession of the premises searched. The sheriff was reading the warrant to Rudolph Curcio, Nick Curcio being absent, when the deputies on the opposite side of the house called to the appellant to stop or halt;

and fired a shot, whereupon the sheriff ran around on that side and saw the appellant approaching the deputies with his hands up submitting to arrest. The house was searched, and there was found therein a still in operation manufacturing alcohol. The appellant voluntarily and freely, according to the evidence, stated that he did not own the property, that he was merely employed there as a distiller, stating to the sheriff that he received twenty dollars a week for his services as a distiller. No rights of the appellant were violated by the unlawful search of Nick Curcio's property, and the evidence was not obtained from the appellant's person or by means of an unlawful arrest.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.