Goss *v.* State.

(Division B. Dec. 11, 1939. Suggestion of Error Overruled Jan. 8, 1940.)

[192 So. 447. No. 33737.]

D. H. Glass and G. S. Landrum, both of Kosciusko, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **Scott Landrum,** for appellant, and by **W. D. Conn, Jr.,** for the state.

**McGowan, J.,** delivered the opinion of the court.

Appellant was convicted in the lower court of having intoxicating liquor in his possession.

The evidence against him was obtained by officers of the law, by search of his premises, who found twenty-

three bottles of whisky in a brick vault at the northeast corner of appellant's kitchen.

The officers made the search after making affidavit and procuring a search warrant issued by a justice of the peace. On the trial there was no objection to the form or substance of the affidavit and writ.

On the trial the court granted to appellant a preliminary hearing and required the district attorney to go into the question of the source of information and credibility thereof upon which the officer made the affidavit and obtained the search warrant. This evidence showed that the officer had his information from a bootlegger whom the officer regarded as a credible person. He stated that this informant told him he would find whisky at the northeast corner of appellant's kitchen.

The appellant attacked by his evidence the credibility of the person who gave the information to the officer upon which he made the affidavit for the search warrant. All this evidence went to the jury, and the court submitted the validity or not of the search warrant to the jury.

It is now contended that the court below should have excluded all the evidence and granted him a peremptory instruction because the officer who made the affidavit did so upon information furnished him by a person who was not a credible person.

He further seems to contend that for this reason the search was illegal though made upon a search warrant duly served on the appellant before the search was instituted by the officer of the law.

Appellant relies upon the case of McGowan v. State (Miss.), 185 So. 826. In that case the Court was dealing with a case where the evidence was procured by the officers of the law without a search warrant and probable cause under such circumstances. That case does not deal with a search made by virtue of a valid search warrant issued by an officer authorized so to do upon an affidavit

made before him in conformity to law and our statute, such as we have here.

The issuance of the search warrant by the justice of the peace in the case at bar was an adjudication that there was probable cause therefor. Castellucio v. State, 165 Miss. 516, 146 So. 599.

This adjudication was conclusive and could not be collaterally attacked, as here upon the issue between the State and the appellant as to the guilt or innocent of the accused. See Mai v. State, 152 Miss. 225, 119 So. 177, 178. In that case this Court said "We hold that, as between the state and the defendant, a judicial finding of the officer issuing the warrant, of the existence of probable cause therefor, is conclusive, and therefore cannot be inquired into; and evidence procured by the state in pursuance of a search under such a warrant, where competent and relevant, is admissible against the defendant. Those decisions of our court, holding that, in cases where the search was authorized by law, upon probable cause, without a search warrant, the defendant on his trial, was entitled to controvert the state's claim of probable cause, are not in point."

This holding was approved in Sykes v. State, 157 Miss. 600, 128 So. 753. The McGowan case, supra, is not in point here as distinctly pointed out above. In the case at bar the search warrant spoke conclusively probable cause, while in the McGowan case the state relied upon probable cause for a search without a warrant therefor, and this court examined the facts and found probable cause for the search was not shown.

Affirmed.