GOSS *v.* STATE.

(Division B. Dec. 11, 1939. Suggestion of Error Overruled Jan. 8, 1940.)

[192 So. 494. No. 33738.]

**D. H. Glass** and **G. S. Landrum**, both of Kosciusko, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

Argued orally by **Scott Landrum**, for appellant, and by **W. D. Conn, Jr.**, for the State.

**Ethridge, P. J.**, delivered the opinion of the court.

Velma Goss was convicted of the unlawful possession of intoxicating liquors, and sentenced to pay a fine of $250 and serve thirty days in the county jail; from which conviction this appeal is prosecuted.

A large part of the evidence was obtained by a search warrant which was issued by a justice of the peace of the county, upon an affidavit made by a county officer, known to be a credible person, who said on oath that he had reason to believe and did believe that intoxicating liquors were being: "(1) Stored, kept, owned, controlled for purposes of sale in violation of law, (2) Sold or offered for sale in violation of law, . . . (4) Attempted to be manufactured or distilled in violation of law, (struck out) (5) Attempted to be transported in violation of law, in the residence, outhouse, barn, stalls, smokehouses, crib, and in the field, yard and garden and wood near the residence of V. G. Goss in the 1st district of said Attala County, Mississippi, and on Section 29, Township 14, Range 7 in said Attala County, Mississippi, and more particularly described as follows: . . . (Description of the premises set forth)." Return on the

warrant was made, as follows: "I have executed the within writ personally by delivering a true copy of this writ to V. G. Goss and searching his premises and finding whiskey in his possession and under his control and further executed by arresting the within named V. G. Goss, and releasing him under his own recognizance".

The officers testified to the search and finding of the liquor, and the appellant was indicated by the grand jury. The appellant introduced one Riley Summers, who testified before the jury tending to show that the liquor belonged to someone else, or was brought to the premises of the appellant by one Woodrow Peavey who "come out there, got out of the car and come in and had something around a half a case of liquor, some in a paper bag and some on him, and he gave me three or four drinks and said he had to hide it and went out into the kitchen, I don't know where he put it—didn't know where he put it at the time, and the next morning, and the next morning he come by there and told me to put this whiskey under the stove, and Velma had brought his wife home and he didn't know how to get it out without them knowing about it, and I started to tell Velma about it and met my wife's brother and he said that the Sheriff had got it". His brother testified that Gwin Powell was with Peavey and at that time Mrs. Goss and Velma Goss were not present. Velma Goss testified in his own behalf that the liquor found by the search under the stove in his home was not his liquor; that he did not know the liquor was there; and that when the search was made that he, is wife and his wife's mother was at home, also, that a preacher was there.

A principal assignment of error here is that the officer making the affidavit for the search warrant did not have sufficient knowledge to constitute probable cause. This witness testified that he got his information from a named party, who is a half-brother of the appellant, and that he believed the statement made to him by this party as he regarded him as a credible person. The appellant in-

vokes McGowan v. State, Miss., 185 So. 826, but this case is inapplicable here. In that case, the search was made without a search warrant, and in such a case, to justify the search, the information must be sufficient to satisfy the judicial mind that there is probable cause, etc.; but, where a search warrant is obtained, probability, or probable cause is judicially ascertained by the officer issuing the search warrant, and if an affidavit contains matters of fact sufficient on its face, it will be presumed that the officer inquired into the facts before the issuance of the search warrant; and between the person accused, and the State, the sufficiency of the facts cannot be inquired into on a prosecution based on evidence obtained by the search. Adjudication by a justice of the peace that there is probable cause for the issuance of a search warrant is sufficient, and judicially establishes the fact that there is such probable cause. See Castellucio v. State, 165 Miss. 516, 146 So. 599; and Mai v. State, 152 Miss. 225, 119 So. 177. The McGowan case, supra, does not modify the rule announced in these last cited cases.

The facts produced in evidence were sufficient to sustain a conviction. Under all of the facts, as shown in the record, the jury were not compelled to accept the evidence of the witnesses for the defendant. The liquor was found in the kitchen of his home under a "false floor bottom" which was under the cooking stove, apparently a trap-door especially constructed for the concealment of things; and the jury were entitled to believe the appellant knew the liquor was there and that it belonged to him.

Judgment of conviction is affirmed.