SERIO *v.* CITY OF BROOKHAVEN.

In Banc. March 13, 1950.

No. 37443 (45 So. (2d) 257)

**E. C. Barlow,** for appellant.

624

William P. Cassedy, for appellee.

. . ."

McGehee, C. J.

A reversal of the conviction in this case is sought on the grounds: (1) that it was error for the circuit court to permit the police justice to amend his certificate to the transcript of the record, (2) that the affidavit and search warrant did not contain a sufficient description of the property to be searched, (3) that neither the affidavit

nor the search warrant recited that the affiant was a credible person, (4) that the circuit court erred in reassembling the jury to put its verdict in proper form, after the jurors had been discharged but had not left the court room, and (5) one of the twelve jurors was not a qualified elector.

There was an appeal to the circuit court taken by the appellant, Jimmie Serio, from a conviction in the court of the police justice of the City of Brookhaven, on the charge of an unlawful possession of intoxicating liquors. When the case came on for hearing in the circuit court, it was discovered that a printed form, as ordinarily used by the police justice when acting as an ex officio justice of the peace, had been used by the police justice in certifying to the transcript of the record on appeal from his court. The circuit court, over the objection of the defendant, permitted the police justice to amend the printed form used for certifying to the transcript of the proceedings had before him, which amendment consisted of striking out the printed words "Ex officio Justice of the Peace" as they appeared underneath the signature of the person who had tried the case as police justice, and inserting in lieu thereof the words "Police Justice of said City", the caption of the transcript having been changed from "State of Mississippi" to "City of Brookhaven".

Section 1200, Mississippi Code of 1942, provides, among other things, that a "justice of the peace, mayor or police justice of any city, town or village from whose decision an appeal shall be taken, shall at once transmit to the clerk of that court a certified copy of the record of the proceedings, with all of the original papers and process in the case, and the original appeal-bond given by the appellant, . . . The justice, mayor, or police justice of any city, town or village shall, at all times, be allowed to amend his return according to the facts." In this case, the affidavit to obtain a search warrant, the warrant itself, the affidavit charging the offense, the

judgment entered by the court, and the appeal bond to the circuit court all disclosed that the case was tried before the city official as police justice. Hence, the amendment which the circuit court allowed the police justice to make to his certificate to the transcript of the proceedings, was an amendment of his return "according to the facts." He did not amend any of the original papers in the cause, nor the judgment rendered by him, but merely his certificate which certified to the fact that the original papers attached thereto, including the judgment rendered by the officer as police justice, were the original papers in the cause.

We are of the opinion that the amendment was properly allowed, asd that the case of Washington v. State, 93 Miss. 270, 46 So. 539, 540, and other decisions relied upon by the appellant are not in conflict with our conclusion in this regard. For instance, the Washington case merely holds that a mayor may not by his verbal testimony amend a transcript "so as to change it from the actual condition of the book." In the instant case the officer amended the transcript so that it would conform to the actual condition of the record, since he had used a printed form intended for use by an ex officio justice of the peace, and had failed to strike out the words "Ex Officio Justice of the Peace" under his signature and insert in lieu thereof the words "Police Justice".

Second, the appellant contends, as aforesaid, that the description of the property in the affidavit for the search warrant and in the search warrant is an insufficient description under the requirement of Section 23 of the Constitution of 1890 requiring that no search warrant shall be issued without probable cause, supported by oath or affirmation, specifically designating the place to be searched and the person or thing to be seized.

The description is of the premises of the defendant, Jimmie Serio, "located at 97 feet on First Street by 148 feet on Warren Avenue, Lot A, Block 4, Swalm Subdivision", of the City of Brookhaven in Lincoln County,

and the search warrant authorized the search of the "dwelling house, out-houses, the premises, automobiles, or other vehicles owned or used by . . . the said Jimmie Serio" located as above stated.

Any description of places or things to be searched, which is sufficient to enable the officer to locate them with reasonable certainty, is in compliance with the Constitutional requirement. Borders v. State, 138 Miss. 788, 104 So. 145; Banks v. Jackson, 152 So. 844, 120 So. 209; Smith v. State, 187 Miss. 96, 192 So. 436; Matthews v. State, 134 Miss. 807, 100 So. 18; West v. State, Miss., 42 So. (2d) 751.

It appears that the Serio family or estate owned a tract of land which was 97 feet in width and fronting on First Street to the east thereof, and 148 feet in depth, bordering on Warren Avenue to the north; that the lot ran east and west; that the defendant, Jimmie Serio, resided on a portion of the lot described as 50 feet on Warren Avenue by 60 feet in depth in the northwest corner of the entire tract, and it was his house, garage, and automobile that were searched and where the intoxicating liquors were found. He readily admitted that the liquor belonged to him. But aside from this, we are of the opinion that the description was sufficient to enable the officer to locate with reasonable certainty the place to be searched and that he did locate the same by means of such description and without difficulty.

Third, it is contended by appellant, as aforesaid, that the search warrant was invalid because the affidavit therefor did not recite that the chief of police who made the same before the police justice was a credible person. Section 2614, Code of 1942, has the following caption: "Affidavit for search warrant—contents—duty of officer taking affidavit" and the section then provides that: "Upon the affidavit of any credible person that he has reason to believe and does believe: (1) That intoxicating liquor is being . . . possessed at any des-

ignated place . . ., which place is to be stated in the affidavit, in violation of the laws of the state; or (2) . . .; or (3) . . .; or (4) . . .", a search warrant shall be issued, etc.

It is to be noted that the statute does not require as one of the contents of the affidavit that the same shall recite that the affiant is a credible person, but merely provides that upon the affidavit of such a person that he has reason to believe and does believe certain facts stated in this Code section, the affidavit shall entitle the proper officer to issue a search warrant. In the case of Winters v. State, 142 Miss. 71, 107 So. 281, it was held that the form of the affidavit prescribed by this statute is not mandatory but simply directory. It is essential, however, that the officer issuing the search warrant should be able to show, when his right to do so is brought into question, that he issued the same upon the affidavit of a credible person.

In Goss v. State, 187 Miss. 72, 192 So. 447, it was held that in a prosecution for unlawful possession of intoxicating liquor, the credibility of the informant and question of probable cause in connection with the search and seizure could not be attacked where a valid search warrant was issued, its issuance being a conclusive adjudication that there was probable cause.

Since Section 23 of the State Constitution provides that "no warrant shall be issued without probable cause, supported by oath or affirmation," and is silent as to the character of person who shall make the affidavit, then it should follow that the holding in the Goss case to the effect that the issuance of the search warrant is an adjudication that there was probable cause would be tantamount to a holding, under Section 2614, Code of 1942, that the issuance of the search warrant is an adjudication that the affidavit on which the warrant is issued was made by a credible person, and especially in the absence of any proof to the contrary.

 Fourth, a special bill of exceptions was taken to the action of the circuit court in permitting the jury to reassemble and put its verdict in proper form before they had left the court room or the sight and presence of the court. The trial judge stated to the jury: "Gentlemen, on reading your verdict I find it as follows: 'We, jury, find the defendant guilty—charge' ", and he read the verdict to the jury. He then stated to them: "I assume from the reading of the verdict it was your purpose to find the defendant guilty as charged. If so, it does not so state. I will permit you to retire and rewrite your verdict", to which each member replied in the affirmative. Thereafter the jury returned with the verdict written as follows: "We, the jury, find the defendant guilty as charged." It was signed by each member of the jury.

We do not think that the first verdict, though in improper form, could be construed to be a finding that the defendant was not guilty. Therefore, the case of State v. Chambliss, 142 Miss. 256, 107 So. 200, is not controlling here, nor are the cases of Ex parte Scott, 70 Miss. 247, 11 So. 657, 35 Am. St. Rep. 649; Ex parte Golding, 148 Miss. 233, 114 So. 385, in view of the different factual situations involved.

Moreover, Section 1515, Code of 1942, in part reads: "If the verdict is informal or defective the court may direct it to be reformed at the bar, . . ."

 Finally, it is contended by appellant, as aforesaid, that the verdict of the jury is invalid because one of the jurors was not a qualified elector. It appears that a summons was issued for James A Wallace, a qualified elector, and was served on James R. Wallace, who was not such an elector. James R. Wallace appeared and served on the jury. There were several James Wallaces in the county, some James A. and some James R. and some James with some other initial. The serving officer testified that he said to the juror, "I have a summons for you", and that he took it, without making any representation to the officer as to his true identity. How-

ever, he assumed the role of James A. Wallace when qualifying on the jury, but undertook to justify this by saying that the serving officer had told him that the initials in the process must be wrong; that he had never seen the James A. Wallace for whom the process was intended until the morning of the trial.

However, Article 14, Section 264, Constitution of 1890 provides that: "No person shall be a grand or petit juror unless a qualified elector and able to read and write; but the want of any such qualification in any juror shall not vitiate any indictment or verdict. . . . ."

Section 1762, Code of 1942, prescribes the qualifications of jurors, included among which is that he shall be a qualified elector, and then further provides: "But the lack of any such qualifications on the part of one or more jurors shall not vitiate an indictment or verdict."

Then, too, it was stated in the case of Tolbert v. State, 71 Miss. 179, 14 So. 462, 463, 42 Am. St. Rep. 454 that: "It is only where that occurs which impugns the fairness of the trial that a ground is presented for a new trial." In that case a juror who was not competent and not drawn, but summoned by a mistake, was accepted and served. The affidavit and search warrant were sufficient in all respects, the latter was made returnable to a proper date, and the search was validly executed and effectual to disclose ample proof of the defendant's possession of intoxicating liquor, which he claimed as his own, and we find no error in the proceedings.

While it was recognized by the opinion of this Court in the recent case of Turfitt v. State, Miss., 42 So. (2d) 737, that the affidavit should allege that the affiant is a credible person (since it is contemplated by Section 2614 that a search warrant is to be issued only upon the affidavit of a credible person averring certain facts to exist, and the form of the affidavit that may be used for such purpose is prescribed by Section 2616, Code of 1942, and contains a recital, following the blank space for the name of the affiant, in the words "who is known to be a credible

person'') these statutes in that regard are merely directory as held in Winters v. State, supra. And it is to be noted that, in the opinion in the Turfitt case, the reversal of the conviction was not predicated on the ground that the affidavit did not recite that the affiant was a credible person, but the affidavit was declared to be fatally defective because it omitted the allegation "that the affiant, if he does not have personal knowledge, has reason to believe and does believe that the offense is being or has been committed."

The fatal omission above mentioned was not made in the affidavit and search warrant in the instant case. On the contrary, the affidavit recites that the affiant "has good reason to believe, and does believe, that intoxicating liquors are being . . . possessed . . . in violation of law . . . and this belief is not feigned of malice against the said Jimmie Serio but is founded on credible information. Affiant has been informed by credible person that such is a fact." Also the search warrant contains the recital that the affiant had made such an affidavit, and further that "the undersigned having examined and considered said affidavit, and also after having heard and considered evidence in support thereof finds that probable cause for the issuance of a search warrant in the premises does exist . . ." And as hereinbefore stated, since the mere issuance of the search warrant has been held by this Court to be an adjudication that probable cause exists for doing so, we think that the issuance of such warrant is likewise an adjudication by the issuing officer that the person making the affidavit therefor is a credible person.

▇▇ However, we reaffirm what is said in the opinion in the Turfitt case to the effect that the affidavit should recognize, in compliance with the directory provisions of the statutes, that the affiant is a credible person, not because the statute requires the affidavit to so state, but because it is the safer practice that the fact of the affidavit having been made by a credible person should

be given attestation by the jurat of the officer before whom it is made.

From the foregoing views, it follows that we are of the opinion that the judgment appealed from should be affirmed.

Affirmed.

**Hall, J.,** took no part in this case.