HARPER *v.* STATE.

Division B.   Oct. 2, 1950.

No. 37537  (47 So. (2d) 854)

**J. Larry Thompson**, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Holmes, C.**

Appellant was convicted of the unlawful possession of intoxicating liquor, and appeals.

The liquor was found as the result of a search made under a search warrant issued by the Justice of the Peace on the affidavit of R. C. Alexander, who, the proof showed, was the Sheriff of the County.   We find no reversible error in the record and deem it necessary to comment only on appellant's contention that the search warrant was

invalid because the affidavit therefor did not recite that the person making the same was a credible person. The affidavit recited that the affiant had reason to believe, and did believe, that intoxicating liquor was possessed on certain particularly described premises of appellant and her husband, and that such belief was founded on credible information given by a credible person. The search warrant recited that the Justice of the Peace issuing the same examined and considered the affidavit and had heard and considered evidence in support thereof, and found that probable cause existed for the issuance of the same.

In the trial court no attack was made upon the affidavit on the ground that it was not made by a credible person. We are of the opinion that the affidavit was not invalid merely because it did not recite that it was made by a credible person. The contention of appellant to the contrary has been put at rest by the prior decisions of this Court. In Winters v. State, 142 Miss. 71, 107 So. 281, the Court held that the form of affidavit prescribed by the Statute, Section 2614, Code 1942, is not mandatory but simply directory. In Goss v. State, 187 Miss. 72, 192 So. 447, it was contended that the trial court should have excluded all of the evidence and granted the defendant a peremptory instruction because the officer who made the affidavit did so upon information furnished him by one who was not a credible person. This Court held that the issuance of the warrant was an adjudication that there was probable cause therefor, and that such adjudication was conclusive and could not be collaterally attacked on the issue between the State and the accused as to the guilt or innocence of the accused. See also Mai v. State, 152 Miss. 225, 119 So. 177.

In Serio v. City of Brookhaven, Miss., 45 So. (2d) 257, it was held that the Statute does not require as one of the essential contents of the affidavit that the same shall recite that the affiant is a credible person, but simply provides that upon the affidavit of such a person that he

has reason to believe, and does believe, certain facts enumerated in the Statute, the proper officer is authorized to issue a search warrant.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and, for the reasons therein indicated, the case is affirmed.