## STATE v. MANUEL.

No. A-11727. March 11, 1953.

(255 P. 2d 289.)

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Max E. Sater, County Atty., Payne County, Stillwater, for plaintiff in error.

Preston Moore, Stillwater, for defendant in error.

POWELL, P. J. A. L. Manuel was charged in the county court of Payne county with the unlawful possession of intoxicating liquor. The within appeal by the state is from the action of the court in sustaining the motion of the defendant to suppress the evidence.

The petition in error, with case-made, was filed in this court on February 26, 1952, but brief was not filed until September 25, 1952. The case had been set on the docket for oral argument for September 17; 1952, and on that day was submitted on the record. We have read the record and the brief of the Attorney General. The defendant in error, defendant in the county court, has not filed a brief.

We would not be justified in writing an opinion in this case, see Tit. 20 O.S. 1951 § 47, except that a reversal is required, and for such reason we shall treat the one point involved.

A stipulation in the record discloses that the sheriff of Payne County appeared personally before justice of the peace O. C. Whipple on November 30, 1951, and signed and swore to an application for search warrant, and dated that day, and the justice of the peace at that time signed and delivered to the said sheriff the search warrant sought, the last paragraph of which reads as follows:

"In witness whereof, I have hereunto set my hand this ——day of November, 1951."

The warrant was served on the 1st day of December, 1951, being the day after issuance, and the sheriff made due return of his actions with reference thereto.

The ground assigned by the court in support of his action in sustaining the motion to suppress the evidence, was that the search was void for the reason and on the basis that the day of the month of issuance was omitted from such search warrant.

Following the ruling of the court suppressing the evidence obtained by said warrant, the county attorney announced that he had no evidence to offer other than that obtained through the search warrant. The court thereupon ordered the case dismissed.

It will be noted that no issue was raised as to the sufficiency of the information, and that the case never came on for trial, nor was any evidence involved concerning the merits of the case. Evidence, if any, obtained by the office of the search warrant was not before the court. There was simply involved the sufficiency of a search warrant by reason of the omission of the day of issuance.

It is not contended that the search warrant failed to meet any of the requirements for a valid warrant as enumerated in Tit. 22 O.S. 1951 § 1225, or any other statute, or that it was not in the substantial form set out and detailed by Section 1226 of the Title just quoted, except that the blank for insertion of the day in November, 1951, when the warrant was issued was not filled in and the day specified. The model form set out in the statute at the end provided blanks to indicate that the warrant should be dated, and of course this would ordinarily be true in the case of any writing.

Did the failure of the justice of the peace to insert the day in November, 1951, that the warrant in question was actually issued, constitute a fatal defect in view of the stipulation that the affidavit for such warrant was dated the 30th day of November, 1951, and that the warrant was actually issued the same day and that the return of the sheriff shows that it was served the following day, December 1, 1951?

If the affidavit shows on its face that it was executed on November 30, 1951, as stipulated, and if the warrant based thereon actually shows on the face thereof to have been served on December 1, 1951, then the date of issuance was without doubt the 30th day of the month named in the warrant. It is as stipulated. Even without the stipulation, the warrant, if issued in November, as shown on its face, had to have been issued the 30th because the affidavit for warrant being executed on the 30th, there were thereafter no more days left in November, and in that it was served on the 1st day of December, 1951, it could not be contended that it was issued or served out of time. Tit. 22 O.S. 1951, § 1231. So, the face of the record supports the contention of the State that the warrant in question was actually issued by the justice of the peace on the 30th day of the month and year in the warrant written. Under such facts, the court would have been justified in finding, as there was nothing to the contrary, that the warrant was in fact issued on the 30th day of November, 1951, and to have permitted the insertion by the issuing officer of such date. This would not have changed the warrant in any respect. There is authority from other jurisdictions for the proposition that an error in date of affidavit or warrant may be shown by evidence. But where the date of a warrant is blank and the affidavit for and return of the warrant on the face indicate the day of issuance of such warrant it is our thought that this date may be established by evidence.

Notice is taken of the fact that as to the return of warrant, this court has held that where the officer fails to make return to a search warrant that return may be made any time prior to trial. Tit. 22 O.S. 1951 §§ 1227, 1233. This court has also held that the failure to state in the return to whom copy of the search warrant was delivered, or just what properties of the several properties named

in the search warrant were searched or by whom, or on which of the properties the liquor listed in the return was found, were mere irregularities insufficient to justify the sustaining of a motion to suppress in prosecution for possession of intoxicating liquor with intent to sell. Tit. 37 O.S. 1951 § 87; O.S. 1951 Const. art. II, § 30. See Williams v. State, 95 Okla. Cr. 131, 240 P. 2d 1132.

We conclude that the matter complained of constituted a mere irregularity under the stipulation entered into between the parties, and as shown from the face of the affidavit for search warrant, and the warrant and return, construed together. Our conclusion is supported in principle by other courts. See the following cases where by inadvertence the wrong day of a particular month and year was inserted in the affidavit for the search warrant, and being a date one day after the day of the warrant, in each case. Anderson v. Commonwealth, 207 Ky. 640, 269 S.W. 748, and Hendicks v. State, 144 Miss. 87, 109 So. 263. These cases may be referred to for detailed reasoning supporting the conclusion of the two courts whose opinions are cited.

By reason of what has been said, and particularly the fact that the ruling of the court did not involve the sufficiency of the information or the consideration of any evidence, if any, that may have been obtained by reason of the search warrant, the action of the county judge of Payne County in sustaining the motion to suppress the evidence in the within case and dismissing the same, is reversed. The court is directed to re-instate the case, and further procedure should be consistent with this opinion.

JONES and BRETT, JJ., concur.