**STATE of Oklahoma, Plaintiff In Error,**

v.

**Oliver MARUTSKY, Defendant In Error.**

**No. A–12281.**

Criminal Court of Appeals of Oklahoma.

Sept. 12, 1956.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Henry A. Stanley, County Atty., Carter County, Ardmore, for plaintiff in error.

Alvin C. Bruce, Ardmore, for defendant in error.

JONES, Presiding Judge.

This is an appeal by the State of Oklahoma from an order of the County Court of Carter County sustaining a motion to suppress evidence, in a case wherein the defendant in error, Oliver Marutsky, was charged with the unlawful possession of intoxicating liquor. The motion to suppress evidence was filed and a hearing had thereon prior to the commencement of the trial. After the conclusion of the hearing upon the motion to suppress evidence the trial court sustained the motion to suppress and dismissed the case from which action the State saved an exception and took the appeal.

The motion to suppress evidence was based upon two grounds: 1. "The search warrant is wholly and totally illegal and void for the reason the same was issued in the month of July, 1955, and was not served until the 25th day of August, 1955." 2. "That the date on said search warrant was changed."

Photostatic copies of the affidavit for warrant and of the search warrant were included in the record and we have carefully read them. The proof is undisputed. The County Attorney prepared the affidavit and the warrant in June, 1955, and delivered them to Robert Denney, a constable, with instruction that when he saw the occasion was ripe to make a raid upon defendant's place of business, he should go before the Justice of the Peace, insert the correct date in the affidavit, sign and swear to it before the Justice of the Peace and then have the Justice of the Peace sign and issue the warrant. On August 25, 1955, the constable took the affidavit and warrant to A. C. Reneau, the Justice of the Peace of Lone Grove in Carter County. There the constable signed and was sworn

to the affidavit. The Justice of the Peace took his pen and inserted "25 day of August, 1955." The word "June" was stricken from the affidavit. Likewise the Justice of the Peace struck the word "June" from the warrant and inserted the word "August" and again inserted the day as "25 day of August, 1955."

When the trial court sustained the motion to suppress evidence, he stated that he was doing so because search warrants should be above suspicion.

As we view the case, the fact that dates had been previously inserted in the affidavit and warrant does not affect their validity if at the time the affidavit was actually signed and sworn to and presented to the Justice of the Peace the correct date was then inserted. The fact that the "—— day of June" was inserted in the affidavit and warrant at the time of their preparation did not affect their validity any more than if the affidavit and warrant had been prepared for future use and the dates had altogether been omitted from such instruments with the understanding that upon their being taken before the Justice of the Peace, the date the affidavit was being made and the date the warrant was being issued would be at that time correctly inserted.

A case somewhat similar to the instant case was State v. Manuel, 96 Okl.Cr. 338, 255 P.2d 289, wherein this court stated in the syllabus:

"Where the sole ground for sustaining a motion to suppress the evidence obtained by authority of a search warrant and for dismissal by the county judge of the prosecution, was that the justice of the peace by inadvertence failed to fill in the day in November, 1951, that the search warrant was issued, but the affidavit for search warrant shows on its face to have been sworn to on the 30th day of November, 1951, and the sheriff's return shows that the warrant was served on December 1, 1951, and it is stipulated that the evidence would show that the war-

**698**

rant was actually issued on the 30th day of November, 1951;

"Held, that the failure to fill in the day in November, 1951, that the warrant was issued, under facts recited, constituted a mere irregularity insufficient to justify the sustaining of the motion to suppress in prosecution for possession of intoxicating liquors with intent to sell."

In the body of the opinion it was stated:

"So, the face of the record supports the contention of the State that the warrant in question was actually issued by the justice of the peace on the 30th day of the month and year in the warrant written. Under such facts, the court would have been justified in finding, as there was nothing to the contrary, that the warrant was in fact issued on the 30th day of November, 1951, and to have permitted the insertion by the issuing officer of such date. This would not have changed the warrant in any respect. There is authority from other jurisdictions for the proposition that an error in date of affidavit or warrant may be shown by evidence. But where the date of a warrant is blank and the affidavit for and return of the warrant on the face indicate the day of issuance of such warrant it is our thought that this date may be established by evidence.

\*   \*   \*   \*   \*   \*

"We conclude that the matter complained of constituted a mere irregularity under the stipulation entered into between the parties, and as shown from the face of the affidavit for search warrant, and the warrant and return, construed together. Our conclusion is supported in principle by other courts. See the following cases where by inadvertence the wrong day of a particular month and year was inserted in the affidavit for the search warrant, and being a date one day after the day of the warrant, in each

case. Anderson v. Commonwealth, 207 Ky. 640, 269 S.W. 748, and Hendricks v. State, 144 Miss. 87, 109 So. 263. These cases may be referred to for detailed reasoning supporting the conclusion of the two courts whose opinions are cited."

Since there has been no trial of the case and the defendant has not been placed in jeopardy, this cause should be tried. The judgment and sentence of the County Court of Carter County is reversed; the court is directed to reinstate this case and proceed with the trial.

BRETT and POWELL, JJ., concur.